Aldrich *v.* Sharp.

---

DUNBAR ALDRICH, plaintiff in error, *v.* JOHN SHARP, defendant in error.

*Error to Adams.*

It is the duty of a court of chancery, in rendering a decree of foreclosure of a mortgage, to ascertain the amount of principal and interest due on the mortgage, at the time the decree is made, either by reference to the master, or by a computation by the court, and to direct the payment of the amount.

Where a decree of foreclosure of a mortgage is obtained in chancery, the contract is at an end, being merged in the decree, and the decree is controlled, not by the contract, but by the statute, which gives interest at the rate of six per centum per annum.

It is a well established principle, that where a court of chancery obtains jurisdiction of the subject matter of a suit, it will retain the jurisdiction, to the end that complete justice may be done between the parties. It has the power, upon a bill to foreclose a mortgage, to decree a sale of the mortgaged premises, and thereby to pass the title to the purchaser, and will put him in possession, instead of driving him to his action of ejectment.

Where the decree of foreclosure directs the mortgagor, or the party in the possession of the mortgaged premises, to surrender up the possession to the purchaser, the court, upon an affidavit showing the service of a copy of the order, accompanied with a demand of the possession, and a refusal of the party to comply, will issue a writ of execution of the order to put the purchaser in possession. But where the decree of foreclosure contains no such order, the court, on motion, will make the order, and upon the like service of a copy, and demand of possession, the court will, on motion, and without notice, order an injunction against the party, to deliver possession, and then on an affidavit of the service of the injunction, and refusal to deliver possession, a writ of assistance to the sheriff, to put the purchaser in possession, issues of course, on motion, and without notice.

Where, upon the foreclosure of a mortgage, no order is made upon the defendant, or person in possession, to deliver up the possession of the mortgaged premises to the purchaser, it is erroneous for the court to award a writ of *habere facias possessionem,* to put him in possession.

THIS cause was heard in the Court below, before the Hon. Peter Lott. The facts appear in the opinion of the Court.

O. H. Browning, for the plaintiff in error, contended,

1. That the Court erred in making a final decree in the cause at the same term the process against the defendant was returnable.

2. In decreeing that the defendant in the Court below should pay to the complainant the amount of the debt mentioned in the mortgage, with interest, without a reference to ascertain the amount of said debt and interest, and without ascertaining the same by the decree. Martin *v.* Wade's exrs., 5 Monroe 80; Chany *v.* Cook, 5 Monroe 249; Edwards *v.* Cuncliffe, 1 Mad. R. 160; Wernwag *v.* Brown *et al.*, 3 Blackf. 457; 4 Johns. Ch. R. 436; 4 Bibb 19; 4 Littell 192.

3. In decreeing that the complainant below should recover twelve per cent. interest upon the amount of the debt in the mortgage mentioned, after the rendition of the decree, until the same should be paid. Wernwag *v.* Brown *et al.*, 3 Blackf. 457.

4. In making a decree before a rule had been taken to answer, and decreeing that Aldrich should deliver to Sharp, the complainant below, all the muniments of title to the S. E. 20, 1 S., 8 W., only one half of said quarter of land having been mortgaged by Aldrich to Sharp.

5. In approving the report of the commissioner who sold the mortgaged premises, said report neither showing the time and place of sale, nor the price for which said land was sold, and being otherwise defective.

6. In pronouncing a final decree upon the coming in of the report of the commissioner aforesaid. Coates' extrix., *v.* Muse's admrs., 1 Brock. 535; 2 Johns. Ch. R. 201.

7. In awarding a writ of *habere facias possessionem*.

8. In not directing what appropriation should be made of the money arising from the sale of the land. Downing *et al. v.* Palmatier, 1 Monroe 66.

J. A. McDougall, for the defendant in error, cited 4 Ohio 291.

Treat, Justice, delivered the opinion of the Court:

On the 12th of June, 1837, Aldrich, the plaintiff in error, conveyed to Sharp, the defendant in error, by deed of mortgage, certain real estate situate in Adams county. The mortgage is conditioned for the payment of the sum of $450, on the 12th of December, 1837, with interest from the date of the mortgage, at the rate of twelve per centum per annum. In November, 1839, Sharp filed his bill in chancery in the Adams Circuit Court, against Aldrich, to foreclose the mortgage. At the April term, 1840, the bill was taken *pro confesso* against Aldrich, and the Court thereupon decreed, that Aldrich, on or before the 10th day of September, 1840, should pay to Sharp the sum of $450, the principal of the mortgage, with interest at the rate of twelve per centum per annum, from the date of the mortgage, until the payment of the same

should be made, deducting therefrom the sum of $52.84; and in default of such payment, that Aldrich should surrender up to Sharp the evidences of the title, and that the mortgaged premises be sold at public auction, for cash, and conveyed to the purchaser, by a commissioner named in the decree. At the January term, 1841, the commissioner reported, that, in default of payment, he had sold the mortgaged premises, as required by the decree; that Sharp, being the highest bidder, became the purchaser thereof, for the sum of $686, to whom the commissioner had made a conveyance of the land. The Court approved of the sale and conveyance, and decreed that a writ of *habere facias possessionem* issue, directed to the sheriff of Adams county, commanding him to deliver to Sharp immediate possession of the premises sold under the decree.

To reverse these decrees, Aldrich prosecutes a writ of error to this Court, and presents several assignments of error, two only of which will be considered :

*First.* It is contended, that the decree of foreclosure is erroneous, because the amount due on the mortgage is not ascertained by the decree, and because the decree directs the payment of twelve per centum per annum interest, from the rendition of the decree. We are of the opinion, the decree, in both these respects, is erroneous. It was the duty of the Court to ascertain the amount of principal and interest due on the mortgage, at the time the decree was made, either by a reference to the master, or by computation by the Court, and to direct the payment of the amount thus ascertained, with legal interest thereon. This has not been done, and, besides, the decree is so uncertain that the amount due on the mortgage cannot be determined from it. It directs the payment of $450, with interest at the rate of twelve per centum per annum from the date of the mortgage, deducting $52.84. Whether the last sum is to be credited to the principal, or to the interest, does not appear, nor does it appear when the credit was to be given. If to be credited as part payment of the principal, instead of the interest, the amount due at the entering of the decree, would be materially lessened. This Court decided, in the case of Mason *et al. v.* Eakle, (1) that where a judgment is obtained on a contract, the contract is at an end, being merged in the judgment, and the judgment is controlled, not by the contract, but by the statute, which gives interest only at the rate of six per centum per annum. We see no reason why the rule should not be applicable to decrees in chancery for the foreclosure of mortgages. The object of the suit at law is to determine the amount due on the contract, that the creditor may enforce its collection out of the property of the debtor. The suit in chancery is instituted to ascertain the amount due from the mortgagor, and to coerce its payment by a sale of the property pledged.

(1) Breese 52.

*Second.* It is contended, that the subsequent decree is errone-
ous, in awarding the writ of *habere facias possessionem.* It is a
well established principle, that when a court of chancery obtains
jurisdiction of the subject matter of a suit, it will retain the juris-
diction, to the end that complete justice may be done between the
parties. It has the power to decree a sale of the mortgaged pre-
mises, and thereby to pass the title to the purchaser, and will put
him in possession, instead of driving him to his action of eject-
ment. It would be but partial justice to adjudicate upon the rights
of the parties, and vest the title in the purchaser, without affording
a remedy to carry the adjudication into full effect. The court,
having the power to dispose of the title, has the right to control
the possession. The mode by which the possession is to be trans-
ferred, is well settled by the practice in courts of equity. When
the decree of foreclosure directs the mortgagor, or the party in the
possession of the mortgaged premises, to surrender up the pos-
session to the purchaser, the court, upon an affidavit showing the
service of a copy of the order, accompanied with a demand of the
possession, and a refusal of the party to comply, will issue a writ
of execution of the order to put the purchaser in possession. But
where the decree of foreclosure contains no such order, the court,
on motion, will make the order, and upon the like service of a
copy, and demand of possession, the court will, on motion, and
without notice, order an injunction against the party to deliver pos-
session, and then, on affidavit of the service of the injunction, and
refusal to deliver possession, a writ of assistance to the sheriff, to
put the purchaser in possession, issues of course, on motion, and
without notice. This was determined to be the proper practice, in
the case of Kenshaw *v*. Thompson *et al.*, (1) upon a careful exami-
nation of the practice in the English courts of chancery. In this
case, no order was made upon Aldrich to deliver possession of
the mortgaged premises to Sharp, the purchaser, and the writ of
*habere facias possessionem* was improperly awarded.

The decrees of the Circuit Court are reversed with costs, and
the cause is remanded for further proceedings conformable to this
opinion.

*Decree reversed.*