## TO-GAH BERTRAND

### v.

## DOUGLAS S. TAYLOR.

1. BURNT RECORD ACT—*opening decree under.* When the record shows the making and entry of a decree confirming title under the Burnt Record act, and no order setting it aside, but a subsequent entry setting aside "the order heretofore entered in this cause vacating or opening the said former decree," and restoring said decree. such recital can not be held to show that the original decree ever was vacated.

2. SAME—*time for opening decree.* The statute expressly limits the time for opening a decree made under the Burnt Record act, to one year after its entry. The allusion in the act to sec. 15, ch. 21, of Rev. Stat., entitled "Chancery," has no reference to the time of filing the petition to open the decree, but to subsequent proceedings after the decree is vacated.

3. SAME—*not unconstitutional.* The act known as the Burnt Record act is not unconstitutional. It is in the nature of a limitation act, and as such, under the circumstances to meet which it was passed, it is not unreasonable in its provisions.

4. TRANSCRIPT *of record must be complete.* This court can not properly consider any question arising upon a record without it is full, or presents all parts or matters material to the question submitted. If the transcript is not certified to be a "full copy of the record," but merely of certain papers and proceedings, this court will not reverse.

5. WRIT OF ERROR—*limitation.* Under the Burnt Record act, a writ of error to review the decree must be sued out within one year. If a party seeks to maintain the writ after one year, as a married woman, it must be shown she was such at the date of the decree.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. E. S. SMITH, and Mr. ROBERT L. LYONS, for the plaintiff in error.

Mr. EDWARD ROBY, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was a proceeding under the Burnt Record act of April 9, 1872, instituted by defendant in error, under the 16th section

| | |
|---|---|
| 87 | 235 |
| 35a | 449 |
| 87 | 235 |
| 141 | 313 |
| 87 | 235 |
| 42a | 281 |
| 87 | 235 |
| 44a | 330 |
| 87 | 235 |
| 164 | 629 |
| 87 | 235 |
| 168 | 271 |
| 87 | 235 |
| 89a | 4353 |
| 87 | 235 |
| 91a | 4308 |
| 87 | 235 |
| 215 | 336 |

of that statute, to establish and confirm his title to certain land in the county of Cook. The petition was filed July 7, 1873, and a decree, *pro confesso,* was entered Nov. 13, 1873. The transcript before us contains no order opening or setting aside this decree, but does show, that on the 19th of September, 1874, an order was made setting aside " the order heretofore entered in this cause vacating or opening the said former decree entered November 3, 1873," and restoring said decree, and adding certain recitals and findings of fact not stated in the former decree.

On the 13th of October, 1876, plaintiff in error filed her petition, asserting that she is the true owner of the land in question, and asking that said decree be opened, and that she be permitted to answer the original petition of defendant in error. The petition of plaintiff in error states " *inter alia* " that she was formerly known by the name of To-gah Kankee, and that " she afterwards married Joseph Bertrand, who is now her husband;" that she had no notice, by summons or otherwise, of the proceeding of defendant in error until shortly before filing her petition, and that she is, and for many years has been, a resident of the State of Michigan.

This petition was verified by affidavit, and the court, upon consideration, refused to open the decree of defendant in error, and refused to permit plaintiff in error to answer the original petition of defendant in error.

The transcript of the record, as it is said, is brought here by writ of error, sued out on the 10th day of November, 1876.

It is insisted, that the plaintiff in error had a right, under that statute, to have the decree opened, and to answer, at any time within three years after the entry of the decree, and that this decree must be treated, on this record, as entered on the 19th of September, 1874.

We can not sanction either of these positions. The transcript shows a complete decree, entered November 3, 1873, and shows no order of the court vacating or opening this decree. The mere allusion to some such order in the recital

of record, under date of September 19, 1874, is not sufficient for that purpose. We are driven to one of two conclusions : either there never was any order made vacating that decree of November 3, 1873, or, the transcript before us is not a full transcript of the record in the case. If no such order was ever made, the decree must stand as of the date of November 3, 1873, although there may be an erroneous recital entered of record alluding to a supposed order of that kind. If the record is incomplete, it furnishes no sufficient ground for this court to reverse the decree. This court can not properly consider any question arising upon the record, unless we have a full record before us, or it is made known to us in some approved manner that the transcript contains all parts of the record material to the question submitted to us for decision.

As to the time within which an application must be made for opening the decree for answer, this statute expressly limits that time to one year after the entry of the decree, and the allusion to sec. 15 of chap. 21, in Rev. Stat., entitled "Chancery," found at the end of sec. 21 of the Burnt Record act, has no reference to the matter of the time for filing such petition, but refers to the Chancery act for provisions as to the extent and effect of thus opening the decree and, the proceedings to be had upon answer.

Again, it is claimed that, without reference to the application to open the decree, the plaintiff in error has a right to have the original proceedings reviewed in this court upon this writ of error, and that the transcript does not show a sufficient foundation for the original decree, and hence that the decree ought to be reversed.

There are two insurmountable objections to this. This transcript is not certified to be "a full copy of the record," but merely a complete "copy of certain papers filed and certain proceedings had and entered of record" in the case. The transcript may contain a complete copy of certain of these proceedings, and yet there may be others which are not copied at all.

Again, the statute in question limits the time for suing out a writ of error to review such a decree, to one year, and this writ was not sued out until more than three years from the date of the decree.    It comes too late.    But it is said plaintiff in error is a married woman, and that such have two years after their disabilities are removed to prosecute such writ of error.    This refers to such as are married women at the time of rendering the decree.    This record in no way shows that at that time plaintiff in error was a married woman.    It does so show, at the time of presenting her petition for leave to answer, but that was over three years after the decree was entered.

The position taken, that the Burnt Record act is unconstitutional, is not sustained.    It is, in effect, a statute of limitations, and, under the circumstances, was not unreasonable.    It was demanded as a matter of safety in a great emergency.    It was not calculated to take any reasonable being by surprise. It was known throughout the civilized world that a large part of the city of Chicago had been destroyed by fire, and that the records of the courts and the records of deeds were all destroyed.    This naturally commanded the attention of all reasonable persons everywhere, and called upon them to attend and see what means would be adopted to mitigate the evils and dangers incident to the destruction.    This legislation was not done in a corner, but before the observation of the civilized world.    We can not doubt the power of the General Assembly to pass the act.

The judgment of the court below must be affirmed.

*Judgment affirmed.*