GEORGE F. HARDING

*v.*

HENRY H. FULLER *et al.*

*Filed at Ottawa May 12, 1892.*

1. BURNT RECORDS ACT—*constitutionality.* The law known as the "Burnt Records act" is not unconstitutional, as depriving the parties of a trial by jury.

2. SAME—*essentials for jurisdiction of court.* The destruction of the original deeds and proceedings, and the record thereof, which showed the title of the petitioners prior to the fire of October, 1871, is sufficient to authorize them to proceed under the Burnt Records act, for the purpose of having their title established and confirmed thereunder. The fact which authorizes a court of chancery to inquire into the condition of the title is the destruction of the records.

3. It matters not what may be the motive of a party in filing a petition in equity under the Burnt Records act, or that a decree confirming title under the act may be the same, in effect, as a judgment in an action of ejectment. The material question is, whether the facts alleged in the petition are sufficient to give the court jurisdiction of the subject matter. Whether the proceeding is authorized by that act depends upon the case made by the petition and the proofs.

4. The fact that one of the defendants admits the petitioner's title at the time of the destruction of the records, and also as it existed thereafter, will not deprive the court of jurisdiction to confirm the title, when there are other adverse claimants who are made defendants; and the statute does not require the court to remit the case to a court of law after restoring the evidences of title, but authorizes it to inquire into and establish the title.

5. SAME—*essentials of a bill under—possession by the complainant.* In a proceeding under the Burnt Records act the petitioner should set out fully the chain of title in his petition. He should specify what the evidences of title are which he seeks to have restored. But when the only defendant appealing from the decree admits the allegations of the petition to be true, and that the petitioner obtained title to his lots from the government through *mesne* conveyances, and that the records of such conveyances were destroyed, a failure to specify such deeds, etc., will not call for a reversal.

6. The right to file a petition under the act is not affected by the fact that the defendant may be in possession of the premises. It is not

necessary, as in case of a bill for the sole purpose of removing a cloud, to aver and prove that the premises are in the possession of the petitioner, or that they are vacant and unoccupied.

7. SAME—*power of court to award a writ of assistance.* A court of equity, on finding and establishing the petitioner's title under the Burnt Records act, has ample power to award writs of assistance to put him in possession of the premises, when it is refused on proper demand. In such case the court will not remit the petitioner to the remedy by ejectment.

8. SAME—*res judicata—former decree concerning rights involved.* On bill to confirm title under the Burnt Records act, a decree in a prior suit between the parties under whom the present parties claim, settling the question of the title, will estop the parties to the last suit from questioning the title as found in the prior decree.

9. A decree of court on bill to remove a cloud on complainant's title dismissing the bill and finding the title in one of the defendants, is binding and conclusive on all persons claiming title under the parties to that suit, and estops them from disputing the title thereby established, or going behind such decree and questioning the title as it was then found.

10. RES JUDICATA—*who bound by former judgment or decree.* One in whose behalf or under whose direction a suit is prosecuted or defended will be bound by the judgment or decree rendered.

11. Where the holder of the beneficial title to land consents to the filing of a petition, in the name of the holder of the legal title, to restore lost records, etc., and confirm the title, and consents to the entry of the decree in the name of the petitioner, he will be bound by the decree, and it will not be reversed although the equitable owner is not made a formal party.

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. WILLIAM J. AMMEN, for the appellant:

This is purely a statutory proceeding, and in derogation of the common law, and a party proceeding thereunder must bring himself clearly within the letter and spirit of the statute, and even then will only be entitled to the relief expressly provided for by the statute, or necessarily incident thereto.

We have examined with care all the reported decisions which we have been able to find, construing this statute. In

*Robinson* v. *Ferguson*, 78 Ill. 538, the lower court decreed that the title was in the defendant, Ferguson, and this decree was approved by the Supreme Court, holding that the statute authorized a decree in favor of the better title. In that case the petition alleged the destruction of the original title deeds, etc., as well as of the records. This allegation is not made in the suit at bar.

In *Heacock* v. *Hosmer*, 109 Ill. 245, the petition set out the chain of title under which petitioner claimed.

In *Smith* v. *Gage*, 12 Fed. Rep. 33, petitioner alleged chain of title from the United States down to herself, the records of which had been destroyed, etc., and that she had lost her original deed, and therefore had no paper evidence of title.

In *Bradish* v. *Grant*, 119 Ill. 606, it was held that a decree in such proceeding was conclusive evidence of title. In that case, such decree was offered as evidence in the trial of an ejectment suit.

In the case of *Gage* v. *McLaughlin*, 101 Ill. 155, the court below overruled the demurrer of Gage, one of the defendants, and he electing to stand by the demurrer, appealed. This court held that the bill, while ostensibly filed under the act, was in reality one filed to remove tax deeds as clouds on title.

In *Gage* v. *Caraher*, 125 Ill. 447, the petition set out in detail the chain of title from the government, as evidenced by certain deeds, thirty-six of which, necessary to the completion of the chain of title, were lost, and alleged that the record of the same had been destroyed, etc., and that at the time of the fire petitioner was the owner, and that appellants and others had caused deeds to be recorded, and claimed the property in fee, etc. The petition also attacked certain tax deeds, under sales made prior to the fire, the record of which sales, etc., was destroyed. The court cited *Gage* v. *McLaughlin, supra,* but distinguished that case from *Gage* v. *Caraher.*

Mr. A. M. PENCE, for the appellees:

Harding having submitted to the jurisdiction of the court by answering, can not now raise the question of jurisdiction, as he attempts to do. *Richards* v. *Railway Co.* 124 Ill. 516.

The court in that case fully discussed the right of the defendant to object to the jurisdiction of the court by demurrer, and says: "If the defendant, by answering, submits himself and cause to the jurisdiction of the court, the court may act, and he will be bound." *Richards* v. *Railway Co.* 124 Ill. 516; 1 Daniell's Ch. Pr. 608, 610.

Appellant made demand for a jury trial, which was overruled, and in this he claims the court committed an error. In this there was no error. This court holds, that a court of equity having jurisdiction, both at common law and by statute, of suits for the partition of land, defendant in such suit is not entitled, as a matter of right, to demand a trial of issues by a jury, even if there is a dispute as to the legal title, and if the defendant be in possession. That the right of such trial by jury is confined to cases at law, see *Flaherty* v. *McCormick*, 113 Ill. 538.

I need not here set out the cases which have been decided under the Burnt Records act, but will refer to *Bertrand* v. *Taylor*, 87 Ill. 235; *Heacock* v. *Lubuke*, 107 id. 396; *Heacock* v. *Hosmer*, 109 id. 245; *Smith* v. *Hutchinson*, 108 id. 662; *Gage* v. *McLaughlin*, 101 id. 155; *Bradish* v. *Grant*, 119 id. 608; *Robinson* v. *Ferguson*, 98 id. 398; *Gage* v. *Caraher*, 125 id. 447; *Gormley* v. *Clark*, 134 U. S. 338.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

Each of these four cases is a petition under what is called the "Burnt Records Act." There is no difference between them except in the numbers of the lots described therein, all the lots being in Snow & Dickinson's subdivision of part of

Lot Two in the subdivision of E. $\frac{1}{2}$ S. W. $\frac{1}{4}$ Sec. 15, Town. 38 N. R. 14 E. in Cook County. The questions involved are the same in one case as in the others. The pleadings are substantially the same in all the cases. By stipulation one certificate of evidence is used for the four cases, and they are submitted to this Court upon the same abstracts and briefs. The defendants are George F. Harding, David Morgan, John McNab, Henry M. Shepard, trustee, and "All whom it may concern." The petitions were taken as confessed by all the defendants except Harding, who answered the same. The cases were heard upon proofs introduced by the petitioners. The defendant, Harding, introduced no evidence whatever. The decree in each case finds the petitioner therein to be the owner in fee simple of the lot therein described; confirms and establishes the title in the petitioner, subject to the trust deed to Shepard; enjoins all the defendants from interfering with the possession of the premises and from claiming title thereto except through the petitioner; directs defendants, or persons holding under them, who may be in possession, to surrender the same to the petitioner; orders, that, in case of failure so to surrender possession, a writ of assistance shall issue, with service of copy of the decree and of written demand for possession, and that petitioner be put in possession under the writ. The present appeals are prosecuted by the defendant, Harding, alone.

The main complaint made by the appellant, Harding, is that each one of these suits is an action of ejectment, brought on the equity side of the Court under cover of a proceeding under the "Burnt Records Act," for the purpose of getting possession of the property without a trial of title by jury.

If these proceedings are properly brought under the "Burnt Records Act," the objection, that the Court establishes the title without a trial thereof by jury, is without force. The question as to whether or not this act is unconstitutional as depriving the parties of the right to a trial by jury, has been

before this tribunal in a number of cases, and we have held that in this respect the Act is a valid law. (*Bertrand* v. *Taylor*, 87 Ill. 235; *Heacock* v. *Lubuke*, 107 id. 396; *Heacock* v. *Hosmer*, 109 id. 245; *Gage* v. *Caraher*, 125 id. 447.) It is unnecessary to restate our views upon this subject; they are sufficiently expressed in the following extract from the opinion in *Heacock* v. *Hosmer, supra:* "It has been a common practice for years to file bills in equity to partition lands, and in a proceeding of that character the court has ample power to settle all conflicting titles, and that, too, without a jury. The power conferred upon a court of equity by the Burnt Records Act is similar to a proceeding in equity for partition, and a proceeding under the former Act is no more obnoxious to the constitutional provision for a jury than is a bill in equity for partition."

It matters not what may have been the motive of each one of these petitioners in filing a petition in equity under the Burnt Records Act. It matters not, that the effect of a decree confirming the title under the Act may be the same as the effect of a judgment obtained in an action of ejectment. The material question is, whether the facts alleged in the petition are sufficient to give the court jurisdiction of the subject matter. Whether the proceeding is authorized by the Act will depend upon the case made by the petition and the proofs thereunder. (*Flaherty* v. *McCormick*, 113 Ill. 538; *Gage* v. *Caraher, supra.*) Without comparing all the allegations of the petition with the several requirements of the Act, we deem it sufficient to notice those particulars, in which the appellant charges that these proceedings are unauthorized by the Act.

It is contended by the appellant, that there is no controversy here between himself and the appellees which grows out of the destruction of the records, but the only controversy is as to matters pertaining to the title, which have occurred since the destruction of the records. It is alleged in the petition and established by the proof, that the petitioners, by war-

rantee deeds, executed to them in 1890 by the devisees under the will of Ambrose Campbell, deceased, have become vested with the title to their respective lots—being parts of said Lot Two—which Ambrose Campbell had thereto in his lifetime. The title of said Ambrose Campbell to said lot two was fully considered and passed upon, as between said Campbell and this appellant, in *Sawyer* v. *Campbell,* 130 Ill. 186.

In August, 1868, Frederick A. Weage and Hiram Canfield, being the owners of said lot two, executed trust deeds thereon. In 1877 sales were made under these trust deeds, and Campbell deraigned his title from the purchaser at said sales. After the execution of said trust deeds and subject thereto, Weage and Canfield conveyed lot two to certain parties from whom appellant deraigned his title. The bill in *Sawyer* v. *Campbell, supra,* was a bill filed in 1881 by Sawyer, who has since made a conveyance to appellant, and appellant, against Campbell and others, for the purpose of removing the deeds, constituting the title of Campbell, as clouds upon the title of appellant and Sawyer. The controversy there was between appellant and Campbell as to their respective titles, the latter claiming title under the trust-deed sales, the former claiming title under deeds made subject to said trust-deeds. In that case, the Circuit Court dismissed appellant's bill for want of equity, and we affirmed said decree of dismissal, thereby holding the Campbell title to be the better title.

The petitions in these cases set out the various deeds and other proceedings showing the passage of the title from Weage and Canfield through the trust-deed sales to the petitioners, and also the various deeds and other proceedings showing the passage of the title, subject to said trust deeds, from Weage and Canfield to appellant. The petitions also set up the substance of the pleadings, and decree, and judgment of this Court in said case of *Campbell* v. *Sawyer;* and charge that the legal effect of the judicial proceedings in the latter suit amounts to a bar and estoppel against appellant, so that he

cannot assert the title, there adjudicated upon, against the petitioners who hold under said Campbell.

We are unable to see why the decision in *Campbell* v. *Sawyer* is not a final adjudication, as between these petitioners and appellant, of the title to this property so far as it is derived from Weage and Canfield, or from their grantor, Charles W. Clayton, the common source, from whom both Campbell and Sawyer and Harding deraigned their respective titles. The controversy there was between the parties under whom the parties here are holding title, and involved the same question of title which is presented by this record, so far as that title is derived from the common source above named. *Riverside Co.* v. *Townshend,* 120 Ill. 9; *Harmon* v. *Auditor, etc.* 123 id. 122.

Although the trust deeds were dated in 1868, before the destruction of the records in 1871, yet the sales under them were not made until thereafter in the year 1877; and the original trust deeds were re-recorded after the great fire of 1871. If, therefore, the petitions set up no other title than that deraigned from the common source as above stated, there would be much force in appellant's contention, that the controversy here is mainly, if not wholly, as to matters of title occurring since the destruction of the records. But the petitions also allege, that said Weage and Canfield "obtained title to that portion of said premises so owned by them respectively from the Government of the United States through *mesne* conveyances to them respectively from said Government." They furthermore allege, that on October 8 and 9, 1871, "all the records of Cook County in any manner pertaining to the title of said premises were destroyed by fire;" that at the time of such destruction said Sawyer and Harding were the owners in fee of said premises subject to said trust deeds; and that said Harding has attempted to take possession of the premises and to assert rights therein, and has commenced to build a house thereon, and threatens to put a tenant therein for the

purpose of holding possession, etc. Upon the hearing, the solicitor for petitioners made oath, as required by the statute, that the originals of the deeds and other instruments in writing and the records relating to the title of the said premises up to October, 1871, were lost, and destroyed by fire, and not within the power of the petitioners to produce the same. Thereupon abstracts of title were introduced, showing a long chain of title from the Government down to said Clayton and Weage and Canfield, including deeds, court proceedings and a map or plat.

We think that the destruction of the original instruments, and proceedings, and of the records thereof, which showed the title of petitioners prior to October, 1871, authorized them to proceed under the Burnt Records Act for the purpose of having their titles established and confirmed thereunder. The fact, which authorizes a court of chancery to inquire into the condition of the title, is the destruction of the records. (Sec. 10 of chap. 116 of Rev. Stat.; 2 Starr & Cur. Ann. Stat. page 1996; *Gormley* v. *Clark*, 134 U. S. Rep. 338.) Such fact is here alleged and proven; and the petitions conform to the requirements of the Act in the other particulars therein mentioned.

The defendant below, Harding, admitted all the allegations of the petitions as to title, both in respect to such title as it existed before the destruction of the records, and also as it existed thereafter. By reason of such admission he claims that it was unnecessary for the court to receive any evidence, and that it should have declined to hear the causes, and should have remitted them to a court of law, upon the alleged ground that the controversy concerned nobody but the petitioners and himself. The fact, that there are adverse claimants, is not an objection to proceeding under the Act; and the statute does not require the court to remit the case to a court of law after restoring the evidences of title, but authorizes the court to enquire into and establish the title. The

controversy was not necessarily confined to appellees and appellant. All other persons were made parties under the name of "All whom it may concern." As against these other persons, the petitioners had a right to establish their title as it existed before as well as after the fire; and the chancery court had jurisdiction for that purpose, irrespective of the controversy between appellees and appellant as holders under a common source of title: The decision of this latter controversy was incidental to the main relief of confirming the title, as deraigned from the Government down to the petitioners.

It is claimed that the petitions are defective in not setting out specifically each link in the chain of title from the Government down to Weage and Canfield, instead of alleging generally that they obtained their title from the Government through mesne conveyances to said Weage and Canfield. Section 11 of the Burnt Records Act requires, that the "petition shall state clearly the description of said lands, the character and extent of the estate claimed by the petitioner, and from whom, and when, and by what mode he derived his title thereto." We think that the petitioner ought to set out fully his chain of title in his petition. Such seems to be the meaning of the statute. If a party desires to restore the destroyed evidences of his title, he should specify what the evidences so destroyed are. We do not, however, regard the defect thus indicated as sufficient to justify a reversal in this case, for the reason that the appellant, who is the only party complaining here, admits the truth of the allegations in the petitions, that the petitioners obtained title to their respective lots from the Government through mesne conveyances to them respectively, and that the records of such conveyances were destroyed.

The right to file the petition is not affected by the fact that the defendant may be in possession of the premises. Although the effect of a proceeding under the Act may be the same, so far as the removal of a cloud is concerned, as though it was a bill filed for the sole purpose of removing a cloud, yet it is

not necessary to aver or prove, in a proceeding to establish title, that the premises are in the possession of the petitioner, or that they are vacant and unoccupied. It was so held in *Heacock* v. *Lubuke*, 107 Ill. 396. The 16th section of the Act provides for making all persons in possession of the premises, or any part thereof, parties defendant to the petition; and this provision is inconsistent with a requirement that the petitioner himself should be in possession.

It is insisted, that the court below had no power to decree the issuance of writs of assistance to put the petitioners in possession of the premises. We think, that the decrees were not erroneous in this respect. The power to give the petitioner the possession of the property results necessarily from the nature of the jurisdiction exercised by the court, and from the character of the decree which it is authorized to enter. The Burnt Records Act has enlarged the jurisdiction of courts of equity so as to include suits brought in pursuance of the provisions of the Act. (*Gage* v. *DuPuy*, 127 Ill. 216.) The power to effectuate its decrees is inherent in the nature of a court of equity. Possession is one of the elements which is necessarily involved in the ownership of real estate. Where a court of equity finds the petitioner to be the owner in fee of the premises, it is not obliged to send him to a court of law to get the possession, which it has decided that he is entitled to. If the decree establishing the title is worth anything, its production in an action of ejectment will entitle the plaintiff to a judgment and to a writ of possession thereon. Why, then, should not a writ of possession issue upon a decree having the effect of a judgment in ejectment, without waiting to bring a suit in ejectment and obtain a judgment? Equity abhors a multiplicity of remedies. We see no reason why a court of equity has not the same power to put the petitioner, whose title it has established under this Act, in possession of the premises, as it has to put the purchaser at a fore-

closure sale in possession of the land bought by him and not redeemed by the mortgagor or his creditors. This precise question has been recently passed upon by the Supreme Court of the United States. In *Gormley* v. *Clark, supra,* which was a proceeding under the Burnt Records Act of this State, the decree adjudged Clark to be the owner in fee of the property, and ordered that "Gormley and wife remove from that portion of Adams Avenue on or before a date named; and in default of such removal the marshal remove the buildings thereon located; and that possession of the property in dispute be surrendered to petitioner." In an opinion delivered by Mr. Chief Justice Fuller, the Court affirmed this decree, and said that "the writ of assistance was simply in effectuation of the decree."

It is said, that, in one or more of these cases, the petitioner held the legal title for another person, who was interested in the proceeds to be realized from a future sale of the property, and that such person should have been made a party to the proceedings. It sufficiently appears from the proof, that the person here referred to, who was a witness in these cases, consented to the filing of the petitions and to the entry of the decrees in the names of the petitioners holding the legal title; and, therefore, he is bound by the decrees entered herein. "One, in whose behalf or under whose direction a suit is prosecuted or defended, will be bound by the judgment or decree rendered in it." *(Smith* v. *U. S. Express Co.* 135 Ill. 279.)

We see no reason for disturbing the decrees entered in these causes. The decrees of the Circuit Court are, therefore affirmed.

*Decrees affirmed.*