JAMES A. DONNELLY, Appellee, vs. FRANK J. DUMANOW-
SKI et al. Appellants.

Opinion filed February 24, 1928—Rehearing denied April 12, 1928.

1. DEEDS—deed signed and acknowledged in blank is void. A
deed signed and acknowledged without the name of any grantee
being inserted is void and does not convey title to a grantee whose
name is inserted thereafter, as the name of a grantee is one of the
essential elements of a deed, without which it is of no effect.

2. REGISTRATION OF TITLE—when petitioner's grantors are not
necessary parties. Where relief is sought against a party he is
indispensable and a valid decree cannot be entered in his absence,
and in a proceeding to register title all persons having or claiming
any estate in the land are required to be made parties to the peti-
tion to register title; but the petitioner's grantors are not neces-
sary parties even though they may have an interest in the outcome
of the proceeding by virtue of an agreement with the petitioner,
and where they appear as witnesses for the petitioner and are made
parties defendant to a cross-petition of one of the defendants they
will be bound by a decree requiring the cross-petitioner to make
an accounting.

3. SAME—proceeding to register title is governed by chancery
practice. The proceeding to register title is a chancery proceed-
ing, and, except as otherwise provided by statute, is governed by
the rules of chancery practice.

4. SAME—petitioner may be awarded possession by writ of as-
sistance. In a proceeding to register title, the petitioner, in whom
the decree orders the title to be registered, may be awarded a writ
of assistance for possession of the premises. (Purchase v. Village
of DesPlaines, 324 Ill. 584, distinguished.)

APPEAL from the Circuit Court of Cook county; the
Hon. FRANCIS S. WILSON, Judge, presiding.

GRANVILLE W. BROWNING, for appellants.

JAMES A. DONNELLY, pro se.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a decree of the circuit court of Cook county declaring void and removing as a cloud upon the title of James A. Donnelly, appellee, a deed purporting to convey to appellant Frank J. Dumanowski two improved lots at the corner of Twenty-seventh street and Kildare avenue, Chicago, and directing the registrar of titles to register a warranty deed executed by Mary Grzybek, a single woman, and Frank Grzybek and Florence, his wife, conveying title to the same property to appellee. The decree also ordered the issuance of a writ of assistance placing appellee in possession of the property and an accounting between Dumanowski and the Grzybeks.

Dumanowski bought the lots in question in 1906 and thereafter erected on the corner lot a one-story brick building, with basement. There is a large store room in the front part which was occupied by him as a saloon, and in the rear is a living apartment of five rooms. Later two stories were added to the building, the second and third floors consisting of living apartments. On the inside lot he erected a frame building 25 feet by 60 feet, which was used for dances, lodge meetings, etc. In 1903 Magdalene Grzybek, a widow with two children, Mary and Frank, eight and seven years old, respectively, was employed by Dumanowski as housekeeper. The next year they were married, and continued to reside in the apartment on the first floor of the building at 2700 Kildare avenue until she left him, in February, 1917. He supported the children as his own and sent them to school. While they were living with him both worked in the saloon, beginning early in the morning and working until late at night. In April, 1918, Mrs. Dumanowski was granted a divorce on the ground of habitual drunkenness, and her husband conveyed to her

his equity in the property in question in lieu of alimony. Mrs. Dumanowski died a month later, leaving as her only heirs Mary and Frank Grzybek. Subsequently Dumanowski married his present wife, Elsie. When the property was conveyed to Mrs. Dumanowski, and at the time of her death, it was subject to a first mortgage in favor of the Polish Roman Catholic Union of America, securing a note for $11,000, dated November 15, 1915, due five years after date, with interest at five per cent per annum, payable semi-annually, on the principal of which $1000 had been paid, and a second mortgage in favor of James F. Stepina, securing a note for $2750, dated May 6, 1916, due three years after date, with interest at six per cent per annum, payable semi-annually, on the principal of which $50 had been paid, and to certain special assessment warrants. In August, 1918, Frank Grzybek entered the military service and left for a training camp in Alabama. October 2, 1918, Mary executed the deed under which Dumanowski claims title to the property. Frank's name also appears on the deed, but he claims it is a forgery. Neither Frank nor Mary had paid any of the interest, taxes or special assessments against the property since they inherited it from their mother.

Lloyd M. Brown, an attorney of Chicago, testified that he had known the Dumanowski family for many years and that he represented the husband in the divorce proceedings; that Frank Grzybek came to him in July, 1918, and said that he was leaving the city to enter the military service and that he wanted to arrange so that his sister could sell the Kildare avenue property if she could find a buyer; that he directed his stenographer to prepare a deed, leaving the name of the grantee blank, and that Frank signed the deed and acknowledged his signature; that Frank took the deed away with him, and that the next time witness saw it was when Mary brought it to his office October 2; that the name "Frank J. Dumanowski" was then written into the deed as grantee, and that Mary then signed and acknowl-

edged the deed. The stenographer in Brown's office, who was also a notary public, testified that she remembered preparing the deed and leaving the name of the grantee blank and taking Frank's acknowledgment; that she also remembered completing the deed by inserting the name of the grantee and taking Mary's acknowledgment; that she used only one certificate for the acknowledgment of both grantors, dating the certificate July 29, 1918, and attaching her signature and seal October 2, 1918.

Assuming that Frank Grzybek signed the deed and acknowledged it as Brown said he did, it was void and did not convey title to Dumanowski. (*Mickey* v. *Barton,* 194 Ill. 446; *Whitaker* v. *Miller,* 83 id. 381; *Chase* v. *Palmer,* 29 id. 306.) A deed is a writing sealed and delivered by the grantor and originally was executed by all the parties to it. In order to be valid every deed must contain a grantor, a grantee and a thing granted. Where there is no grantee to the deed, one of the essential elements is wanting and the deed is of no effect.

The chancellor held that the deed was obtained from Mary by undue influence, duress and fraud, and so was void. The evidence shows that Mary was a young woman twenty-three years old, weighing about ninety pounds, and in poor health. She was employed as a stenographer and had had no business experience. There is no proof that she had personal knowledge of the condition of the title to her property or the nature or amount of the encumbrances. She says, immediately after her brother left the city her stepfather, Dumanowski, began to demand that she convey the property to him, accompanying his demands with abusive language and threats. Dumanowski says that he was approached by a real estate dealer who represented Mary, and that he was persuaded to take the property and assume the encumbrances because his step-children were unable to meet their obligations and would have lost the property. Whatever may be the truth concerning these preliminary steps,

it is admitted that Mary and Dumanowski met at the office of Felix L. Majka, the real estate dealer, and that a sales contract was there drawn and signed. This contract recites that the property is subject to a first mortgage of $11,000, a second mortgage of $2700, a third mortgage of $583, and a judgment note of $300, together with unpaid interest on all the encumbrances. By the contract Dumanowski agrees to assume all these obligations and to pay to Mary $25 as earnest money and $75 upon delivery of the deed. The next day they met at the office of Brown and the deed was executed. Mary says that a list of the obligations was shown to her from which it appeared that the property was encumbered for more than $25,000, and it was represented to her that she had no equity in the property. Majka says that all the encumbrances mentioned were listed in the contract. Brown says that Mary came to him and told him that she was selling the property to Dumanowski for $250; that he expressed surprise that she was not getting more, and that she said there was so much indebtedness on the property that she could not carry it. He testified that she said Dumanowski was treating her well and that he was the only one who would take the property off her hands. He says that at the conference when the deed was signed he asked Mary how much indebtedness there was against the property, and that she gave him some items and Dumanowski gave him some, and that he made up a list which amounted to $16,000 or $17,000. Both Brown and Majka say that there were some judgments against the property, and we assume the list of encumbrances must have included these judgments.

It is evident that undue advantage was taken of Mary. The consideration paid was grossly inadequate. Two witnesses for Dumanowski fix the fair cash market value of the property in 1918 at about $17,000. In the settlement of property rights at the time the decree of divorce was entered, in April, 1918, Dumanowski valued the property

at $20,000. The court finds that it was worth $18,000 at
the time the deed was executed. The encumbrances did not
amount to $14,583 as they were listed in the contract nor
to $17,000 as they were listed on a slip in Brown's office.
There was no third mortgage, nor were there any judg-
ments against the property, except for special assessments.
There were a first mortgage of $10,000 with one-half year's
interest past due, and a second mortgage for $2700 with
interest past due. This mortgage was made in 1916, so
there could not have been more than two years' interest
due on it, and it is unlikely that it had been permitted to
run that long. Dumanowski says that the taxes amounted
to about $200 a year and that they had not been paid for
two years, and there were also some installments for special
assessments due. The evidence concerning the amount of
unpaid interest and unpaid taxes and assessments is unsat-
isfactory, but giving full credit to the testimony of Du-
manowski on this subject, the encumbrances did not exceed
$14,500, which was more than $2000 less than the lowest
estimate of the value of this property and $5500 less than
the value placed on the property by Dumanowski at the
time he conveyed it to his wife in settlement of her claim
for alimony. Considering all the circumstances, we are sat-
isfied that Mary was overreached in this transaction and
that the chancellor was right in holding the deed void.

On September 18, 1924, Mary Grzybek, together with
Frank Grzybek and his wife, executed the warranty deed
which conveyed these two improved lots to appellee, James
A. Donnelly, subject to outstanding encumbrances, unpaid
taxes, and special assessments. October 9, 1924, appellee
filed his petition in the circuit court of Cook county alleg-
ing that title to the property in question had been registered
in the office of the registrar of deeds for Cook county in
the name of Frank J. Dumanowski and Maggie Dumanow-
ski, his wife, as joint tenants, and that the books in the
registrar's office still show the title in the Dumanowskis,

subject to an $11,000 mortgage. He alleges further the facts concerning the divorce, the award of the property in settlement of alimony, the death of Mrs. Dumanowski, the descent of the title to the Grzybeks and their conveyance to him, and asks that a commissioner be appointed to execute a deed for the property conveying the title to the Grzybeks, and that such deed, together with the deed from the Grzybeks to him, be entered on the books of the registrar, and that title in him be confirmed subject only to the encumbrance of the mortgage. Dumanowski filed his answer, in which he set up the transaction between himself and the Grzybeks and claimed title by virtue of their deed of October 2, 1918. He also filed a cross-petition asking that title be registered in him. There were other pleadings joining issue on the petition and cross-petition and an order referring the cause to an examiner for hearing. After an extended hearing he made a report recommending the decree which was entered.

It is contended by appellants that the Grzybeks were necessary parties to the petition to register Donnelly's deed, for the reason that they testify that they are still interested in the property. Where relief is sought against a party he is indispensable and a valid decree cannot be entered in his absence. (*Krueding* v. *Chicago Dock and Canal Co.* 285 Ill. 79.) In a proceeding under the act concerning land titles all persons having or claiming any estate in the land are required to be made parties to an application for the registration of the title. (*Wilson* v. *Central Trust Co.* 285 Ill. 427.) The rule announced in these cases, however, has no application to the case at bar for the reason that the deed shows an absolute conveyance to Donnelly of all the interest of the Grzybeks in the land in question and there is no competent evidence in the record showing that they have any estate in the land. They may have a contract with Donnelly which gives them an interest in the outcome of this litigation, but that is a matter between Donnelly

and the Grzybeks, in which appellants have no interest. The Grzybeks were made parties defendant to the cross-petition of Dumanowski and they appeared as witnesses on the hearing. By their conduct they have asked the court to enter the decree entered by it in the name of Donnelly, who alone holds the legal title, and they are therefore bound by the decree. *Harding* v. *Fuller,* 141 Ill. 308.

The proceeding to register title is a chancery proceeding, and, except as otherwise provided by statute, is governed by the rules of chancery practice. (*Troyer* v. *Erdman,* 320 Ill. 140.) Section 15 of the act concerning land titles provides that "the application for registration may be made to any court having chancery jurisdiction in the county where the land is situated, and such court shall have power to inquire into the conditions of the title to and any interest in the land and any lien or encumbrance thereon, and to make all such orders, judgments and decrees as may be necessary to determine, establish and declare the title or interest, legal or equitable, as against all persons, known or unknown, and all liens and encumbrances existing thereon, whether by law, contract, judgment, mortgage, trust deed or otherwise, and to declare the order and preferences as between the same, and to remove clouds from the title." It is admitted that Donnelly takes the title of the Grzybeks with full knowledge of the claims of Dumanowski and that he stands in the shoes of the Grzybeks with respect to Dumanowski's right to an accounting. Dumanowski has paid some of the encumbrances which stood against the property when the Grzybeks got title to it in 1918, and he has collected all the income from it since October of that year. The court properly ordered an accounting and properly registered the title in appellee subject to the rights of Dumanowski and the Grzybeks as shown by the accounting. It was likewise proper for the court to decree the issuance of a writ of assistance to put Donnelly in possession of the

premises. (*Harding* v. *Fuller, supra.*) This is not a proceeding under section 94 of the act, and so *Purchase* v. *Village of DesPlaines,* 324 Ill. 584, has no application.

The record being free from prejudicial error, the decree of the circuit court is affirmed.

*Decree affirmed.*