Joseph F. Warmke, Appellant, v. Jennie Dahlke, Appellee.

Gen. No. 44,598.

Opinion filed January 26, 1949.
Released for publication February 15, 1949.

Shaffer, Seelig, Mandel & Shapiro, of Chicago, for appellant; Sidney W. Mandel, Raymond I. Suekoff and Herbert Lesser, all of Chicago, of counsel.

No appearance for appellee.

Mr. Justice Lewe delivered the opinion of the court.

By this appeal plaintiff seeks to vacate an order setting aside a prior order granting a writ of assistance based on a specific performance decree. Plaintiff filed a complaint in chancery for specific performance of a real estate contract. The cause was referred to a master in chancery and in conformity with the findings and recommendations contained in his report a decree was entered on March 30, 1948 in favor of plaintiff, providing, *inter alia*, that if defendant failed to convey the premises in controversy within seven days the master should execute and deliver a deed of all right, title and interest of defendant. April 12, 1948, the decree was amended permitting plaintiff to deposit the purchase price of the property, after certain deductions, with the clerk of the court and granting defendant three additional days to convey the premises to plaintiff. The amendment further provided that the court retain jurisdiction for the purpose of issuing its writ of assistance to enable plaintiff to obtain possession of the premises.

On May 19, 1948, the chancellor entered an order finding that plaintiff had deposited the balance of the purchase price with the clerk in conformity with the decree as amended; that the master had executed and delivered a deed to plaintiff; that defendant refused to surrender possession of the dwelling house on the premises to plaintiff, and that a writ of assistance

should issue on June 1, 1948 to eject defendant from possession.

June 15, 1948, defendant made an oral motion for leave to file a petition to stay the writ of assistance which was continued to July 2, 1948.

July 2, 1948, the chancellor entered the following order: "It is hereby adjudged and decreed that the order or writ of assistance heretofore entered herein be, and the same is hereby, vacated and set aside and held for naught. Said order is entered without prejudice to the right of the plaintiff to pursue any action he might have for possession in the Municipal Court."

Plaintiff contends that since the court of chancery decreed specific performance it should not send plaintiff to a court of law to obtain possession of the premises. So far as the record shows defendant never filed a petition to stay or vacate the writ of assistance, nor did he make any showing that the order granting the writ of assistance was improper. Moreover, no reason appears why plaintiff should be compelled to institute an action for possession in the municipal court.

By the amendment to the decree the court expressly retained jurisdiction of the subject matter. The chancellor decreed that plaintiff was the owner of the premises. Equity abhors a multiplicity of suits. The court had the power to put plaintiff in possession (*Aldrich v. Sharp*, 4 Ill. (3 Scam.) 261), and it was the chancellor's duty to grant the writ of assistance to make the decree effective. (*Harding v. Fuller*, 141 Ill. 308; *Donnelly v. Dumanowski*, 329 Ill. 482.) No equitable grounds are suggested or shown by defendant why the order granting the writ was later vacated.

For the reasons stated, the order appealed from is reversed and the cause remanded with directions to order the issuance of a writ of assistance.

*Order reversed and cause remanded with directions.*

BURKE, P. J., and KILEY, J., concur.