Syllabus.    Brief for the appellant.

## BENJAMIN F. GUITEAU.

### *v.*

## JAMES L. WISELY.

1. LIENS, PRIORITY OF—*judgment over unrecorded mortgage.* Where a judgment lien attaches to premises upon which there is a mortgage, but the latter is not recorded, the judgment takes priority over the mortgage, unless the judgment creditor is otherwise chargeable with notice of such mortgage, prior to the rendition of his judgment.

2. ERRONEOUS JUDGMENT—*effect of reversal.* The rights of third parties, acquired under an erroneous judgment, cannot be divested by a subsequent seversal.

3. So, a vendee at an execution sale, being neither a party to the judgment nor chargeable with notice of error, cannot be affected by a reversal.

4. Nor can an innocent assignee of the certificate of purchase, though the rasignor was a party to the judgment, be affected by a subsequent reversal of the judgment.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts of this case, and the questions presented by the record, fully appear in the opinion of the court.

Mr. GEORGE W. WALL, for the appellant.

I insist that the judgment creditors knew of the existence of the mortgage, as shown by their letter, and that the unrecorded mortgage was the prior lien. *National Bank* v. *Godfrey,* 23 Ill. 579; *Martin* v. *Knox College,* 32 Ill. 165.

The effect of the reversal was to place the parties in *statu quo,* and if the plaintiff in the execution was the purchaser, the sale would be set aside. *McJilton* v. *Love,* 13 Ill. 494.

The plaintiff was the purchaser, but he assigned his certificate of purchase. We insist the assignee acquired no greater right than the purchaser. Rev. Stat., chap. LVII, page 303.

55—47TH ILL.

Messrs. WATT & MICHAN, for the appellee.

The plaintiffs in the execution had no notice of the mortgage until after they had levied their execution, and their lien having attached, no subsequent notice could divest it.   Whatever is done under an erroneous judgment, so long as it remains unreversed, is valid and binding, so far as strangers are concerned.   *Bank of the United States* v. *Bank of Washington*, 6  Peters, 15.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment, in the Randolph Circuit Court, brought by Benjamin F. Guiteau against James L. Wisely, and tried by the court without a jury, on the following facts:

The plaintiff was, on the 30th of March, 1869, owner of the land in question, and on that day sold it to James McDill, by warranty deed, which was recorded June 1st, 1860, and to secure payment of $430, due him for purchase money, took back from McDill, on the same day, a mortgage, which was not recorded until Feb. 7th, 1861.   At September term, 1860, of the Randolph Circuit Court, J. & R. Stevenson, for the use of L. A. C. Brown, recovered a judgment in an action of assumpsit, against McDill for $103, on which judgment an execution issued, and on the 22d of January, 1861, it was levied on this land.

On the 28th of January, 1861, J. &. R. Stevenson, who then lived at Oden, wrote the following letter to the plaintiff below, who then lived at Du Quoin:

" SIR :—We have a judgment against Jas. McDill, and have levied on a tract of land, 80 acres, which Mr. J. Kerr informs us you sold to McDill, and that you hold a mortgage, unrecorded, on the same.   This land is E, S.W., Sec. 11, T. 4, S. R. 5, W.   You have Nos. of land levied on and to be sold on

16th of February, 1861, at Chester Court House, between the hours of 9 A. M., and setting sun.

If the above land is the same you have mortgage on, you had better attend to it and save yourself, as it will be sold on that day.

We have notified you of the sale, as we do not wish any person to lose by our action."

That on the 16th of February, 1861, the land was sold under the execution and purchased by J. & R. Stevenson, for the amount of their judgment and costs, and the sheriff gave them a certificate of purchase.

James McDill died March 7th, 1862, intestate, and at March term, 1862, of the Probate Court, John Hodson was granted letters of administration.

At November term, 1863, of the Supreme Court, the judgment of *J. & R. Stevenson* v. *McDill* was reversed, a writ of error having been been sued out by the administrator of McDill.

That afterwards, the plaintiff, Guiteau, filed his bill in the Randolph Circuit Court for foreclosure of his mortgage, and having obtained a decree, the land was sold by the master in chancery and purchased by plaintiff, Guiteau, and not having been redeemed within fifteen months, was conveyed to plaintiff, Guiteau, by the master, and which deed was executed and April 11th, 1865.

That the certificate of purchase given at the sheriff's sale, February 16th, 1861, was by the said J. & R. Stevenson, assigned March 14, 1862, to H. C. Cole & Co., and was by Cole & Co. assigned, on the 17th of May, 1862, to D. C. Campbell, and the premises not having been redeemed from sale, Campbell obtained a deed from the sheriff, and on the 1st of January, 1864, Campbell conveyed to the defendant, Wisely, the deed being recorded the same day, under which deed defendant, Wisely, then entered and took possession of the land, and has held it ever since.

On these facts, the court found the issue for the defendant and rendered judgment accordingly, to reverse which the record is brought here by appeal.

The court decided correctly. As the mortgage was not recorded until some months after the judgment had been obtained against McDill, the latter, therefore, was the elder lien. The judgment creditor had no notice of· the mortgage, as would appear from the facts agreed, until afterward—until he was about to sell the land on execution.

The judgment creditor purchased the land under the execution. Had he remained such purchaser up to the time of the reversal of the judgment, his purchase would not have availed him, as this court has repeatedly decided, as a party to a judgment is presumed to be privy to all defects in the proceeding.

The assignment of the certificate of purchase was made to Cole & Co. before the reversal of the judgment, and so was the assignment to Campbell, who obtained the sheriff's deed. Neither of these parties was privy to any defect in the judgment. Suppose Cole & Co. had been the purchasers at the execution sale, could any one doubt that, under the repeated rulings of this court, the title they obtained by such purchase would not be affected by the reversal? It was said in *McFilton* v. *Love*, 13 Ill. 486, that the rights of third parties, acquired under an erroneous judgment, are not divested by the reversal of such judgment. In such case, the defendant in the execution must look to the plaintiff for redress. *McLagan* v. *Brown*, 11 Ill. 519; *Clark* v. *Pinney*, 6 Cowen, 297; *Hubbell* v. *Broadwell, admr.* 8 Ohio, 120; *Goodwin* v. *Mix*, 38 Ill. 115. These assignees were such third parties.

The judgment lien, having been perfected before that of the mortgage, was thereby entitled to priority. The assignees of the certificate of purchase took it, when there was a valid judgment on record, and are not presumed to be cognizant of any defects or irregularities therein, and before it was reversed

by the Supreme Court; consequently, on the principle of the cases cited, the reversal could not operate to their disparagement, or of any party holding a valid deed executed on the sale under such judgment.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*