THIS was an action of replevin for a stallion, with the usual pleas, and a plea of property in Russell, one of the defendants. From the facts proved it appeared that the plaintiff had recovered a judgment before a justice of the peace against Russell, on which an execution had been issued, and levied on the horse then the property of Russell, and on which it was sold at constable's sale and bought by the plaintiff in the writ, and in this action, and to whom it was thereupon delivered by the constable in the presence of Russell, and without objection from him. The judgment and proceedings thereon before the justice of the peace were subsequently reversed on a writ ofcertiorari in the Superior Court, and it was afterwards taken from the possession of the plaintiff without his knowledge and consent, and was found in the possession of the defendants. After the statements and proof of the facts the counsel for the plaintiff rested their case.
Robinson (Layton with him) for defendants. On the reversal in this court of the judgment and execution of the justice of the peace under which the horse in question was sold to the plaintiff, *Page 143 
he was, in law, bound to make restitution of it to Russell, the defendant in the judgment and execution. Freeman on Execution, § 347; Herman on Execution, §§ 328, 398; Freeman on Judgments, §§ 482, 483; 2 Tidd., 936, 1137. Where the plaintiff in the judgment and execution becomes the purchaser of the goods at the sale under them, and they remain in specie in his hands at the time of the reversal, as in this case, the goods themselves must be restored on the reversal to the defendant; but if they do not so remain in his hands at the time of the reversal, or were purchased at the sale by another person, or a stranger to the judgment and execution, it is otherwise, for in either of such cases restitution is to be made in damages to the value of the goods sold under them, to avoid injustice to an innocent and bonafide purchaser, and the prejudicial effect which it would have on the sale of goods under execution process generally. Manning's Case, 8 Rep., 94; Parsons v. Loyd, 3 Wil., 341; Woodcock v.
Bennett, 1 Cow., 734; Jackson v. Colwell, 1 Cow., 644; 2 Hill, 633; Loreshence v. Hambleton, 2 Harr., 474; Clarke v.
Pinney, 6 Cow., 297; The Bank of the United States v. The Bank of Washington, 6 Pet., 15; Galpin v. Page, 18 Wallace, 350; Rev. Code, 571, § 12; Freeman on Judgments, § 117. A judgment may also be vitiated by fraud, as well as by error. Pennington v.
Chandler, 5 Harr., 394; Giteau v. Wisely, 47 Ill., 433.
The owner of goods which have been wrongfully taken from him may lawfully repossess himself of them wherever they can be found, and although he might be liable for a riot in so doing, it would not subject him to a restoration of the goods. 1 Water. on Tresp., § 439; Hyatt v. Wood, 4 Johns., 157.
Moore (Cullen with him) for the plaintiff. A purchaser at a judicial sale, under a voidable judgment or process with notice, must make restitution, because he is not an innocent purchaser without notice of the defect which makes it voidable. Herm. on Exec, §§ 328, 339. If the principle ruled in the case cited on the other side from 47 Ill., 433, is sound, that the purchaser in such a case is presumed to have had notice of the defect at the time of the sale, would not the presumption also arise, and as *Page 144 
well apply to the one party as the other in the judgment or process, and would it not, in the case now before the court, as effectually include Russell, the defendant, as Stoeckel, the plaintiff, in the judgment and execution of the justice of the pease, from denying notice or knowledge of any error or defect, since it is in proof that Russell was present at the sale, made no objection whatever to it, and tacitly consented to the delivery of the goods sold to the purchaser, Stoeckel, the plaintiff in the writ, by the constable? An estoppel to bind either must be mutual and binding on both parties. Wright v.
Douglass, 10 Barb. 99; Rol. on Jud. Sales, § 1139; Herm. on Exec., § 398. It is the policy of the law to sustain judicial sales. Both law and equity zealously guard the interests of purchasers at such sales, and there is the same reason for protecting parties who are purchasers as strangers. Benningfield v. Reed, 5 Monroe, 445; 8 B. Monroe, 105; Hawkins v. Lambert, 18 B. Monroe, 320; McJiltonv. Love, 13 Ill., 494; Freem. on Exec, §§ 308, 345, 346, 347. And by the same authorities it is ruled that, the reversal of the judgment does not, of itself, divert the title of a plaintiff purchaser at the sale, acquired under it, nor until the sale is vacated on application to the court; and the defendant, if the plaintiff. in the judgment be the purchaser, may, at his election, after the reversal of it, either have the sale set aside and be restored to the possession, or have his action for damages. Reynolds v. Hosmer,45 Cal., 629; Johnson v. Lamping, 34 Cal., 293. But, he must make his election by an application to the court below for the restitution of the property, or to set aside the sale, after having had the judgment of reversal in the court above certified to the court below, before he can proceed in any other method, as by a writ of replevin to recover the property in specie, or by an action of assumpsit to recover the value of it in damages.
Robinson: There is not the same reason for protecting the purchaser at the sale in his purchase of the goods when he is the plaintiff in the judgment, as when he is a stranger to it, and the distinction is not only well settled but is well founded in law, and the reason why restitution of the goods in specie is to be made to the defendant upon the reversal of the judgment when *Page 145 
the plaintiff in it is the purchaser of them at the sale, is because he acquires them without paying any consideration, in fact, for them at the sale, as he is entitled to the proceeds of it from the sheriff or officer making it under the execution, whilst any other person purchasing them must pay the price bid for them, and as an innocent purchaser for value actually paid for them, and without any notice of, or responsibility for, the error or defect in the judgment on which it is afterwards reversed and rendered a nullity in law, he is entitled to retain them as his lawful property, and the defendant is put to his action against the plaintiff to recover the value of them in damage.
The Court,
charged the jury that as there was no question of fact involved in the case, and the only question to be considered and determined, and on which the case solely depended, was a question of law purely, it would be sufficient for the court to instruct them that whatever right or title the plaintiff in this action, George Stoeckel, acquired to the horse in question under the judgment recovered by him against Robert Russell, one of the defendants, before a justice of the county, and the execution and sale thereon of it to him, the record of which was in evidence before them, was afterwards divested in law by the reversal of that judgment in this court on certiorari process, and as Stoeckel, who was the plaintiff in the judgment, became the purchaser of the horse at the sale on the execution, Russell, the defendant in the judgment, was entitled in law to the restitution of the horse to him by Stoeckel, on the reversal of it in this court, and the legal right to the ownership and possession of the horse having been from that time revested in Russell, one of the defendants in this action of replevin brought by Stoeckel against them to recover the possession of it; we must say to you that such being the facts in the case, he cannot maintain the action, and that your verdict must consequently be for the defendants. As, however, the property was not replevied on the writ, but retained in possession of the defendants on giving bond with security as required by law, the damages should be nominal only.
 Verdict accordingly. *Page 146