## JOHN L. KINGSBURY
### V.
## H. C. STOLTZ ET AL.

*Real Property—Sale under 'Execution—Subsequent Reversal—Failure of Title—Payment to Extinguish Homestead—Acquiescence—Estoppel—Notice.*

1. Where a judgment creditor purchases lands at a sale under an execution issued on the judgment, his title fails upon a reversal of the judgment, although he obtains a subsequent judgment on the same demand.

2. In the case presented, it is *held:* That the defendant was not required to make a motion to set aside the sale; that his acceptance of the sum of $1,000 paid by the purchaser to extinguish his homestead, does not show his acquiescence in the sale nor estop him from denying its validity; that the grantee of said purchaser is chargeable with constructive notice of the proceedings affecting the title to the premises in question, and with the actual notice that the defendant's possession gave of his rights.

[Opinion filed June 7, 1887.]

IN ERROR to the Circuit Court of Lawrence County; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. WILSON & HUTCHINSON, for plaintiff in error.

Messrs. BELL & GREEN, for defendants in error.

GREEN, J. Plaintiff in error brought suit in forcible detainer in the court below against defendant in error, to recover the possession of certain real estate described in the complaint. The cause was tried by the court on an agreed statement of facts. The court found defendants not guilty and rendered judgment against plaintiff for costs, who thereupon sued out this writ of error.

Foster A. Baird, one of the defendants, at the time this suit was commenced was in possession of part of the premises, claiming to own the same as a homestead. The other defend-

ants were then occupying, as his tenants, the other part of said premises. The material facts set forth in the agreed statement are, that at the February term, 1882, of the Lawrence Circuit Court, Dayton S. Morgan recovered a judgment for $475.70 in *assumpsit* against said Baird and others. Execution was duly issued and levied upon said premises as the property of Baird; said premises, being then his homestead, was duly appraised and sold under said execution, on the 14th day of April, 1883, to said Morgan, the plaintiff, who obtained a certificate of purchase, and having bid more than $1,000, applied the surplus on the execution, and paid Baird the $1,000, as provided by the statute. At the time of said sale Baird and his co-defendants had sued out a writ of error from this court to reverse said judgment, but the writ was not made a *supersedeas*, nor was it served on Morgan until after said sale had been made.

In this court, at the August term, 1883, said judgment was reversed and the cause remanded, all the parties being represented here by their counsel at said term. The cause was re-docketed in the Circuit Court, a trial had at the February term, 1884, and judgment for the full amount of the claim, for which the reversed judgment had been rendered, was again rendered in favor of Morgan and against Baird and another, which last judgment remains in force unpaid and unsatisfied in whole or in part. After the reversal of the judgment under which Morgan purchased, and in July, 1884, the premises not having been redeemed, Morgan procured from the Sheriff, on the said certificate of purchase, a deed conveying to him said premises, and afterward, in the same month, sold and conveyed the same by warranty deed to plaintiff in error, who, before he commenced this suit, made demand in writing of all the defendants for the possession of the said premises, and exhibited to them said deed from the Sheriff to Morgan and from Morgan to himself; and Baird has not paid back the $1,000 to Morgan.

These being the facts, it is insisted that as to plaintiff in error, the reversal of the judgment under which the sale to Morgan was made, can not affect his rights, but like an innocent pur-

chaser at the sale, the title he so acquired from Morgan is protected by the rule that a judicial sale can not be impeached collaterally except for want of jurisdiction in the court rendering the judgment. This is not our view of this case, but on the contrary, the title of plaintiff depends on the fact whether Morgan had any title to said premises at the time he conveyed to plaintiff. If he had not, his grantee took no title by such conveyance and could not recover in this suit as the lawful owner, entitled to the possession of the premises in controversy; and it is quite evident Morgan had no title to the said premises when he conveyed to plaintiff. The only claim of title he then had, or pretended to have, was based on his purchase at the sale made by the Sheriff to satisfy an execution issued upon the judgment afterward reversed. Morgan, at the time he purchased, was the plaintiff in execution, a party to the judgment, and as such is presumed to be privy to all defects in the proceeding resulting in the rendition of an erroneous judgment and took his claim of title as such purchaser, subject to be divested by a subsequent reversal, and his said judgment having been reversed he had no title to the premises at the time he conveyed the same to plaintiff, and the latter acquired no title to and was not the owner of said premises at the time he commenced this suit. Hermann on Ex., 488, 608; Freeman on Judgts., Sec. 482; Guiteau v. Wisely, 47 Ill. 433; Smith v. Brittenha, 109 Ill. 540, 552; Bryant v. Fairfield, 51 Maine, 149.

The plaintiff in execution being himself the purchaser, Baird was not required to interpose a motion to set aside the sale; the reversal of the judgment, so far as Morgan's claim of title was concerned, effected the same result as would have been obtained by sustaining such motion had Baird interposed it.

But plaintiff in error further contends Baird acquiesced in the sale to Morgan by taking the $1,000 for his homestead after the sale and retaining the money; that he is thereby estopped to deny the validity of the sale. But Baird did nothing to induce Morgan to pay this sum, and at the time it was paid had removed the cause to this court to reverse the judgment, upon the validity of which depended the title of

Morgan. He availed himself of and continued to use the means provided by law to annul the erroneous judgment until it was reversed, all the time retaining possession of and claiming to own the premises. His acts indicated that he did not acquiesce in said sale, but used every necessary means to render it invalid and nugatory. Morgan, of his own volition, assuming the judgment to be good, paid the $1,000 to extinguish the homestead estate, and bid something over that sum for the fee. It is said he also applied such overplus to the reduction of his judgment, but if he ever made such application, he revoked it by again obtaining judgment for the *full amount* of his original claim in the same court in which the reversed judgment had been rendered, and the judgment last obtained is wholly unsatisfied, no sum being credited upon it. After having thus failed to pay or apply upon his claim said overplus, and having in effect repudiated his bid made at the sale, Morgan obtained a deed from the Sheriff on his certificate of purchase, and thereupon plaintiff in error, with such constructive notice of the proceedings as the record furnished, and with the actual notice that Baird's possession of the premises gave him, took his conveyance from Morgan, and now asks this court to give validity to a voidable sale and sustain the deed conveying, not the homestead alone, but the fee for which the bidder agreed to pay, but has not paid. This we decline to do. If Morgan paid the $1,000 for a consideration he has failed to receive, and has a legal right to recover it from Baird, that is a matter to be adjudicated between them in another suit, and is not before us in this case. And if the title warranted by Morgan to the plaintiff has failed, the latter can pursue his remedy for the breach of the covenant by bringing his proper action. We are satisfied with the finding and judgment of the Circuit Court. The judgment is affirmed.

*Affirmed.*