(No. 17128.—Reversed and remanded.)
JEROME R. TROYER, Appellee, *vs.* OTTO J. ERDMAN *et al.* Appellants.

*Opinion filed February 18, 1926.*

1. REGISTRATION OF TITLE—*examiner of titles stands in relation of master in chancery.* The proceeding to register title, except as otherwise provided by statute, is governed by the rules of chancery practice, and the relation of the examiner of titles to the court and the parties is analogous to that of the master in chancery in other chancery proceedings.

2. EQUITY—*evidence preserved in chancery record is part of decree.* The evidence preserved in a chancery record, either by a certificate of evidence or a master's report, is a part of the decree.

3. SAME—*when certificate of evidence is not necessary.* Where the hearing before the court is upon the pleadings and the master's report of the evidence and of his findings of fact and conclusions of law and exceptions thereto, and no further evidence is heard by the chancellor, the master's report is a part of the record and no certificate of evidence is necessary.

4. SAME—*purpose of a certificate of evidence.* The function of a certificate of evidence in a chancery proceeding is to preserve and set forth the evidence heard by the chancellor and to preserve such other matters as are not a part of the record proper and which otherwise would not become a part of the record.

5. LACHES—*when laches may be interposed in equity.* In an equitable proceeding the defense of *laches* can be considered only when by delay and neglect to assert a right the adverse party is lulled into doing that which he would not have done or into omitting to do that which he would have done in reference to the property involved had the right been properly asserted.

6. Same—*when laches cannot be set up to bar rights under a contract for conveyance in proceeding to register title.* An applicant to register title cannot successfully interpose the doctrine of *laches* against defendants who were purchasers under a contract for conveyance so as to bar them of all rights under the contract, where there is no evidence of any offer to return earnest money paid under the contract or to supply the required evidence of title to enable the purchasers to complete their part of the agreement and where there is no showing of any prejudice resulting to the applicant by reason of non-action on the part of the purchasers.

Appeal from the Circuit Court of Cook county; the Hon. Francis S. Wilson, Judge, presiding.

Kraft, Kraft & Erskine, for appellants.

Charles W. Stiefel, for appellee.

Mr. Justice Farmer delivered the opinion of the court:

On February 25, 1925, the sworn application of Jerome R. Troyer, a bachelor, was filed in the circuit court of Cook county for the purpose of having registered in him title to two improved lots in South Englewood, which were occupied by him and one Clement as owner and tenant. The application referred to the claim of Otto J. and Eva Erdman, who are appellants here, which was based upon a recorded contract of purchase of said property. Otto J. and Eva Erdman entered their appearance in the cause and later filed their answer, setting up the written contract executed by them and Troyer, dated May 19, 1920, for the purchase and sale of the lots in question. · The written agreement provided for the sale of the property for $3800, subject to certain existing leases, taxes and special assessments levied after the year 1920, unpaid special taxes or assessments levied for improvements not yet completed, unpaid special assessments for improvements. completed, party wall agreements and building line restrictions. The sum of $100 was acknowledged to have been paid in cash as earnest money, to be applied on the purchase price, and $900

additional was to be paid in cash at the office of George Brinkman, in Chicago, within five days after the title had been examined and found good or accepted by the purchasers, provided a warranty deed conveying merchantable title to the purchasers was then ready for delivery. The purchasers agreed to assume and pay an incumbrance of $1200 upon the premises and to pay the balance at the rate of $35 or. more per month, with interest from date at six per cent per annum. The contract further provided that the vendor should furnish the purchasers, within a reasonable time, either a certificate of title issued by the registrar of titles of Cook county, a complete merchantable abstract of title brought down to date, or a merchantable guaranty policy made by the Chicago Title and Trust Company. The agreement contained a clause providing that Brinkman should hold the contract and earnest money paid, for the mutual benefit of all parties. There were other provisions in the contract which need not be here set out. The answer alleges payment of $100 earnest money under the terms of the written agreement, that the purchasers have ever since been ready, able and willing to carry out their part of the agreement, have so informed applicant, have demanded that he furnish them with an abstract or other evidence of title and to proceed with his part of the agreement, but he refused to do so. The answer further avers that the purchasers have a good and valid claim to the premises under the terms of the agreement, and prays that if the title be registered it be subject to the rights of the purchasers under the agreement. The cause was referred by the court to an examiner of titles to take the proof and make his report thereon. The examiner, after a hearing before him, made his report in May, 1925, finding that applicant was the owner in fee of the premises, that the property was subject to certain charges mentioned, among which was the agreement of purchase here involved. As to that. agreement the examiner found applicant and

defendants, Otto J. and Eva Erdman, entered into a written contract for the sale of the premises on May 19, 1920, a copy of which was duly recorded June 19, 1920; that defendants have been and are ready, willing and able to carry out the provisions of the contract to be performed by them, but that the applicant has not carried out or offered to carry out or perform any of the provisions by him, and that the contract is a valid charge against the premises. The examiner recommended that a decree be entered confirming title in fee simple in the applicant, and that the title be registered subject to the charges set out in the report. Objections were filed by applicant to the report, which were overruled by the examiner. On hearing before the court of the examiner's report and exceptions thereto all exceptions were overruled and each and every finding was adopted and confirmed except in so far as the report found the agreement between the applicant and the Erdmans for the sale of the property to be a valid lien and charge against the premises. The court found that an agreement in writing was duly entered into by and between the parties thereto, as found and reported by the examiner of titles, but that by reason of the *laches* and neglect of the Erdmans in the matter of seeking enforcement of the agreement all rights which they otherwise would have had thereunder have become forfeited and the agreement should be canceled and removed as a cloud upon applicant's title. The court ordered the title to be registered accordingly. From that decree the purchasers have prosecuted an appeal to this court.

We are met at the threshold of the case with a motion made by counsel for appellee to strike from the record all testimony and exhibits introduced before the examiner, and the copy of the contract attached to the applicant's answer, for the reason that no certificate of evidence appears in the record. This motion was taken with the case. The brief and argument of appellee's counsel is devoted entirely to

the proposition that appellants have failed to preserve the evidence for review either by a certificate of evidence or recital of facts in the decree, and hence there is no record before this court upon which appellants can rely for reversal of the decree of the circuit court. The certificate signed by the examiner of titles, as it appears in the record, shows "that the above and foregoing testimony, together with the exhibits therein mentioned, constitute all of the testimony and evidence taken before me by virtue of the order of reference in the above entitled cause, * * * and the foregoing is a full, true and complete transcript of the testimony given by said witnesses. The exhibits hereinbefore mentioned are returned herewith, duly identified under my signature." The decree recites: "The court having duly considered the said application and the report of the examiner of titles and the exceptions thereto, together with the evidence and exhibits taken and heard by the said examiner of titles, doth overrule the said exceptions, and doth adjudge and decree that said report be and the same is hereby approved and confirmed, and the findings of said examiner of titles, and each of them, are hereby adopted as and made the findings of this court," etc. It appears that no additional evidence was received or considered by or heard before the court. This is the condition of the record as stated by counsel for appellants, and it is not denied by appellee.

The proceeding to register title is a chancery proceeding, and except as otherwise provided by the statute is governed by the rules of chancery practice. (*Amundson* v. *Glos,* 271 Ill. 209.) The relation of the examiner of titles to the court and the parties is analogous to that of the master in chancery in other chancery proceedings. (*Gage* v. *Consumers' Electric Light Co.* 194·Ill. 30.) Under the early practice, when suits in equity were heard upon depositions they were copied in the decree, but after the statute authorized oral evidence in chancery cases the prac-

tice of reciting in the decree the facts proved became common, and it was held that the evidence might be preserved in that way or by a certificate of evidence or a master's report. The evidence may be preserved by either method. In whatever form the evidence is preserved it is a part of the decree. (*Chicago Terminal Transfer Railroad Co.* v. *Barrett*, 252 Ill. 86, and cases there cited.) Where a cause is referred to a master in chancery to report conclusions of law and fact all the evidence must be introduced before him, and upon the hearing of exceptions or the hearing of the cause no other evidence will be heard, and on appeal the report of the master is a part of the record without any certificate of evidence. *Central Illinois Public Service Co.* v. *Swartz*, 284 Ill. 108.

Under section 18 of the act relative to registration of titles, (Smith's Stat. 1925, p. 621,) after an application for registration has been filed an order may be entered by the court referring the same to one of the examiners of titles, and the court is authorized to hear the cause on the report of the examiner. Section 24 of said act (p. 622) provides that the court may require other or further proof in any case which was heard by an examiner, hence under the statute the ultimate hearing is before the court upon the evidence taken before the examiner and upon any further evidence that may be required. (*Amundson* v. *Glos, supra.*) In the instant case, however, there was no additional evidence offered before the court but the hearing was upon the pleadings and the full report of the examiner. Had there been additional evidence offered before the court the proper method to preserve it would have been by a certificate of evidence. (*Jackson* v. *Sackett*, 146 Ill. 646.) The function of a certificate of evidence is to preserve and set forth the evidence offered, received and considered or rejected by the chancellor on the hearing. Its sole function and only object are to preserve such matters as are not a part of the record proper and which otherwise would not

320—10

become a part of the record. (*Waggoner* v. *Saether, 267
Ill. 32.*) Where the hearing before the court is upon the
pleadings, the report by the master of the evidence and of
his findings of fact and conclusions of law and the excep-
tions to the same, such a report is a part of the record and
no certificate of evidence is necessary. (*Central Illinois
Public Service Co.* v. *City of Sullivan, 294* Ill. 101.) We
are of opinion the record before us for consideration is
sufficient.

As we have stated, the examiner of titles found the
agreement here involved a valid claim against the premises.
The court approved and confirmed the report of the exami-
ner except as to the agreement being a valid and existing
charge against the property. In the decree the court finds
an agreement in writing was duly entered into between the
parties, as found by the examiner, but by reason of the
*laches* and neglect of the purchasers in seeking to enforce
the agreement all rights thereunder had become forfeited.
It is the contention of appellants that the doctrine of *laches*
can only be applied in cases where it would be inequitable
not to do so, and that nothing appears in the record to
show why the contract entered into should not be carried
out or that applicant has in any way been prejudiced by
the delay in closing up the contract. By the terms of the
contract appellants paid the sum of $100 earnest money,
and were to pay $900 additional in cash within five days
after title was examined and found good, and a warranty
deed was to be then ready for delivery. Jerome R. Troyer,
applicant here, under the sale contract agreed to furnish,
within a reasonable time after execution of the agreement,
either a certificate of title issued by the registrar of Cook
county, a complete abstract of title brought down to date,
or a merchantable guaranty policy by the Chicago Title
and Trust Company. Neither one of these evidences of
title was ever furnished by Troyer to the purchasers, and
under the terms of the contract no further payments were

to be made by the purchasers until the title was examined, nor was anything further required to be done by them.

The proof showed, and the examiner found, appellants have always been ready, willing and able to carry out the terms of the written agreement. The examiner further found that the vendor had not carried out or offered to perform any of the provisions of the contract to be done by him. Laches has been said "to be such neglect or omission to assert a right as, taken in conjunction with lapse of time more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity." (*Morse* v. *Seibold,* 147 Ill. 318.) In an equitable proceeding it is only when by delay and neglect to assert a right the adverse party is lulled into doing that which he would not have done or into omitting to do that which he would have done in reference to the property had the right been properly asserted, that the defense of *laches* can be considered. (*Gibbons* v. *Hoag,* 95 Ill. 45; *Compton* v. *Johnson,* 240 id. 621.) There appears to be no prejudice whatever resulting to applicant herein by reason of the non-action of appellants. The charge of *laches* against a party implies that he is in error. Here no effort was made by the vendor to supply any evidence of title to the purchasers or to have returned to them the $100 earnest money which they had paid at the time of the execution of the agreement, and we see no error on the part of the purchasers of sufficient consequence to bar them from all rights under the written contract.

We are of opinion the finding of the examiner of titles that the written agreement between Troyer and appellants was a valid charge against the premises was correct.

The decree of·the circuit court is reversed and the cause remanded, with directions to modify the decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*