(No. 17953.—Decree affirmed.)
WILLIAM NEIDHARDT, Defendant in Error, *vs.* FANNIE FRANK, Plaintiff in Error.

*Opinion filed April 20, 1927—Rehearing denied June 9, 1927.*

1. SPECIFIC PERFORMANCE—*when complainant is not required to make tender before bringing suit.* Actual tender by the complainant before suit for specific performance is brought is unnecessary where the defendant has openly refused to perform his part of the agreement or declared his intention not to perform in any event, it being sufficient in such case that the complainant is ready and willing and offers to perform by his pleadings.

2. SAME—*when decree for complainant is not erroneous in failing to specifically require him to complete payments.* A decree for specific performance is not erroneous in requiring the defendant, or the master in case of the defendant's refusal, to make and deliver a deed to the complainant "in accordance with the terms of said contract" without specifically requiring the complainant to pay the defendant the balance remaining due upon the contract, as the decree will be reasonably construed to require mutual per-

formance in accordance with the terms of the contract, including payment of the purchase price upon delivery of the deed, whether the defendant or the master executes the deed.

3. LACHES—*what is laches.* Laches is such neglect or omission to assert a right as, taken in conjunction with lapse of time more or less great and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity.

4. SAME—*when, only, can defense of laches be considered.* In an equitable proceeding the defense of *laches* can be considered only when by delay or neglect to assert a right the adverse party is lulled into doing that which he would not have done or into omitting to do that which he would have done in reference to the property had the right been properly asserted.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

AARON R. EPPSTEIN, and FERDINAND J. KARASEK, for plaintiff in error.

OSCAR THONANDER, (WALTER H. SHURTLEFF, of counsel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

January 27, 1922, defendant in error (hereinafter called complainant) filed his bill in chancery in the superior court of Cook county against plaintiff in error, (hereinafter called defendant,) praying for the specific performance of a contract for the purchase and sale of real estate. Defendant filed an answer to the bill, and issue being joined the cause was referred to a master in chancery to take proofs and report the same together with his findings. Thereafter the master in chancery filed his report, recommending that the bill be dismissed for want of equity. Exceptions of complainant to the master's report were sustained by the chancellor and specific performance of the contract was decreed, with other relief. Defendant has sued out a writ of error from this court to review the record.

On March 12, 1921, complainant and defendant entered into a written contract, by the terms of which complainant agreed to purchase, and defendant agreed to sell for $6800, the premises in question, subject to a trust deed for $2500 and existing leases and subject to taxes, and other matters not in issue in this proceeding. The contract recited that the purchaser had paid $250 as earnest money, to be applied on the purchase when consummated, and that the purchaser agreed to pay, within five days after the title had been examined and found good or accepted by him, the insurance premiums and the further sum of $4050, provided a good and sufficient general warranty deed conveying to the purchaser a good and merchantable title, subject as aforesaid, should then be ready for delivery. The contract also contained the following provisions:

"Seller may find it necessary to file a bill in court to correct an error as to date of expiration of lease on store of said premises, and said seller may postpone the closing of said deal for such reasonable time as may find necessary in order to correct said date by decree of court or otherwise, and the abstract of title or guaranty policy is to be delivered for examination as soon as said date of lease is corrected.   *   *   *

"A certificate of title issued by the registrar of titles of Cook county, or complete merchantable abstract of title or merchantable copy brought down to date hereof, or merchantable title guaranty policy made by C. T. & T. Co., shall be furnished by the vendor within a reasonable time, which abstract shall upon the consummation of this sale remain with the vendor or his assigns as part of his security, until the deferred installments are fully paid. The purchaser or his attorney, if an abstract or copy be furnished, shall, within ten days after receiving such abstract, deliver to the vendor or his agent (together with the abstract) a note or memorandum in writing, signed by him or his attorney, specifying in detail the objections he makes to the

title, if any, or if none, then stating in substance that the same is satisfactory. In case material defects be found in said title and so reported, then, if such defects be not cured within sixty days after such notice thereof, this contract shall, at the purchaser's option, become absolutely null and void and said earnest money shall be returned, notice of such election to be given to the vendor; but the purchaser may nevertheless elect to take such title as it then is, and in such case the vendor shall convey as above agreed: *Provided, however,* that such purchaser shall have first given a written notice of such election within ten days after the expiration of the said sixty days and tendered performance hereof on his part. In default of such notice of election to perform, and accompanying tender, within the time so limited, the purchaser shall, without further action by either party, be deemed to have abandoned his claim upon said premises, and thereupon this contract shall cease to have any force or effect as against said premises or the title thereto, or any right or interest therein, but not otherwise.

"Should said purchaser fail to perform this contract promptly on his part at the time and in the manner herein specified, the earnest money paid as above shall, at the option of the vendor, be retained by the vendor as liquidated damages, and this contract shall thereupon become and be null and void. Time is the essence of this contract and of all the conditions hereof.

"The notices required to be given by the terms of this agreement shall in all cases be construed to mean notices in writing, signed by or on behalf of the party giving the same, and the same may be served either upon the other party or his agent."

No certificate of title, abstract of title or guaranty policy was ever delivered by defendant to complainant nor to anyone for him. Neither did defendant correct the error as to the date of the expiration of the lease mentioned in the contract, by filing her bill in equity to correct the

same or otherwise. The master in chancery found that the real estate broker who negotiated the sale of the premises demanded an abstract from defendant for the purpose of bringing down the title but defendant refused to deliver the abstract, and that defendant notified the broker that she would not carry out the contract. The decree finds · that complainant demanded from defendant, after making the contract, a certificate of title issued by the registrar of titles of Cook county, a complete merchantable abstract of title, or merchantable title guaranty policy made by the Chicago Title and Trust Company, and that defendant refused to deliver either of said evidences of title and notified the agent of complainant that she would not carry out her contract. These findings are amply sustained by the evidence in the case and their correctness is not seriously contested here. The master based his finding that the equities of the cause were with defendant upon the fact that complainant never made a demand in writing upon defendant in accordance with the terms and provisions of the contract of purchase, that he never made a tender of the sums provided for in the contract, and that complainant was guilty of *laches* in asserting any right to a specific performance of the contract of purchase.

The furnishing of the indicia of title by defendant was a condition precedent to any act on complainant's part except the payment of the earnest money, which was paid. No demand for the same was necessary, and under the contract in this case, no indicia of title having been furnished, no written notice from complainant to defendant with reference to the taking of the title was required. Complainant was not in default in not paying the balance of the purchase price, as the contract provided for its payment "within five days after the title has been examined and found good or accepted by him." An actual tender by complainant before suit for specific performance is brought is unnecessary if defendant has openly refused to perform his

part of the agreement or declared his intention not to per-
form in any event, it being sufficient if complainant is ready
and willing and offers to perform by his pleadings. (*Flem-
ing* v. *O'Donohue,* 306 Ill. 595; *Cohen* v. *Segal,* 253 id.
34.) The evidence in the case shows that complainant was
able, ready and willing to pay the balance of the purchase
price whenever defendant complied with the terms of the
contract, and in his bill of complaint he avers his readiness
and willingness to perform and makes a specific offer to
perform the agreement on his part.

The evidence in the case does not show any *laches* on
the part of complainant in bringing this suit. He testified,
and he is corroborated by his son, that defendant informed
him some time after the contract was made that she could
not deliver possession of the store building on the premises
before January 1, 1922, and asked him to wait until that
time before closing the deal. While she denies this, he is
somewhat corroborated by the fact that immediately after
the first of January he again demanded the consummation
of the contract and on the failure of his demand brought
this suit. There is no evidence of any kind in the record
showing or tending to show that defendant was in any
manner prejudiced by complainant's failure to bring suit
for specific performance of the contract prior to January,
1922. *Laches* is such neglect or omission to assert a right
as, taken in conjunction with lapse of time more or less
great and other circumstances causing prejudice to an ad-
verse party, operates as a bar in a court of equity. (*Morse*
v. *Seibold,* 147 Ill. 318.) In an equitable proceeding it is
only when by delay or neglect to assert a right the adverse
party is lulled into doing that which he would not have
done or into omitting to do that which he would have
done in reference to the property had the right been prop-
erly asserted that the defense of *laches* can be considered.
(*Troyer* v. *Erdman,* 320 Ill. 140; *Compton* v. *Johnson,*
240 id. 621.) There is no evidence in the record of any

*laches* which will operate as a bar to the prosecution of this suit.

The first direction of the decree in this case is that defendant specifically perform her contract, and the third direction therein is that she shall execute and deliver to complainant a good and sufficient warranty deed to the premises in question, in accordance with the terms of the contract, within five days from the entry of the decree, and upon her failure so to do within the time specified the master in chancery is directed to execute the deed and to deliver the same on behalf of defendant, upon payment to the master of the sums found due by the court. It is contended by defendant that there is no language in the decree which requires complainant to pay defendant the balance of the purchase price upon her executing and delivering the deed to the premises. In specific performance the vendor and vendee are bound mutually to perform the contract, and the delivery of a deed must always be accompanied by the payment of the purchase price and the performance of the conditions of the contract by the purchaser, whether the contract is performed voluntarily by the parties or under the suasion of the court. Decrees, like other instruments of writing, are to be given a reasonable construction. The decree requires defendant to execute and deliver to complainant a good and sufficient warranty deed to the premises, in accordance with the terms of the contract, within five days from the entry of the decree. The contract provided for payment by complainant upon a good and sufficient warranty deed being ready for delivery according to the terms of the contract. Payment and delivery of the deed were to be simultaneous. The decree ordering defendant to execute the deed "in accordance with the terms of said contract" must be construed to require simultaneous payment and delivery. The contract provided for a prorating of certain taxes, premiums on insurance policies held by mortgagees, and policies upon plate

glass. The decree protected the rights of defendant, and under it she could have the amount due her ascertained by the court. In case she believed her rights were jeopardized and refused to make the deed, provision was made in the decree for that contingency. It provided: "Upon her failure so to do within the time specified, Sidney S. Pollack, one of the masters in chancery of this court, is hereby directed to execute said deed on the part of said defendant and deliver the said deed on behalf of said defendant upon the payment to said master of such sum or sums of money as may be found by the court to be due under the terms of the contract between William Neidhardt, complainant, and Fannie Frank, defendant, as set forth in said bill of complaint." The decree is not erroneous in that there is no mutual requirement on the part of complainant to pay defendant the balance remaining unpaid when she would execute and deliver the deed to him, as claimed by defendant.

The decree of the superior court was justified by the evidence, and it is affirmed.

*Decree affirmed.*