FRANK N. EICH, Appellant, *vs.* JOSEPH CZERVONKO *et al.* Appellees.

*Opinion filed April 21, 1928—Rehearing denied June 16, 1928.*

1. JUDGMENTS AND DECREES—*when decree is final notwithstanding reference to master.* A decree is final although as an incident to relief granted it directs a reference to a master to state an account, where an account is to be settled between the parties and the rules and principles on which the account is to be made are fixed by the decree.

2. SAME—*when decree for specific performance is final.* A decree for specific performance is final where it finally disposes of the rights of the complainant to a conveyance notwithstanding it orders the production of an abstract by the defendant and the execution of a deed, subject to the approval of the master, should the title be acceptable, directs an accounting of the balance due and a conveyance by the master in case of the defendant's failure to make a deed, and recites that further questions and directions are reserved until the master's report of his actions or the actions of the parties under the decree.

3. SAME—*what is not a delegation of judicial power to master in decree for specific performance.* Direction to a master in chancery to make a conveyance in case of non-action of the party held by the decree to convey, or that he compute the amount due or determine other matters of fact, is not a delegation of judicial power.

4. LIS PENDENS—*when the purchaser of land is entitled to rely on a decree for specific performance—writ of error.* Where the court has jurisdiction of the subject matter and the parties, one purchasing property following a final decree affecting its title and in reliance on that decree will be protected even though the decree be subsequently reversed on writ of error, and a decree for specific performance is no exception where it finally determines the complainant's right to a conveyance and is not appealed from; and subsequent purchasers are not purchasers *pendente lite* although a writ of error is afterwards sued out. (*Gilman* v. *Hamilton,* 16 Ill. 225, distinguished.)

5. REGISTRATION OF TITLE—*when registration proceeding is collateral to decree for specific performance.* Where final decree for specific performance of a contract for a conveyance has been entered and is not appealed from, a subsequent proceeding by the vendor to register title is collateral to the decree for specific performance; and where the circuit court had jurisdiction of the specific performance proceeding, its action therein, although erroneous, must be regarded valid and binding in the collateral proceeding.

6. DEEDS—*when purchaser acquires good title notwithstanding notice of equities.* A purchaser with notice of prior existing equities who takes title from one who, notwithstanding such equities, has a good title will also procure a good title.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

JUSTUS CHANCELLOR, and HARRY W. STANDIDGE, for appellant.

SHERMAN C. SPITZER, HENRY L. WALLACE, AUGUST F. MROZ, and CHENEY & PETERSON, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county dismissing the application of the appellant for registration of title to certain lands situated in that county. The facts involved are not in dispute. The appellant's application alleges that he is the owner of the title to the property and entitled to its registration. The appellees filed an answer, saying that they through *mesne* conveyances had

on March 3, 1923, purchased the property in question from Eva Harris, to whom the appellant had contracted to sell the property, and that they were entitled to hold unmolested the title thereto.

It appears that on December 15, 1919, the appellant, Eich, who was then the owner of the premises, made a contract with Eva Harris for the sale of the same to her. This sale not having been completed, she filed a bill for specific performance. On March 23, 1921, a decree for specific performance was entered in that proceeding, directing that Eich convey the described property to Eva Harris, and upon his failure so to do that the master in chancery make such conveyance. The appellant did not make the conveyance as directed and the master in chancery on June 10, 1921, conveyed the property to Eva Harris in accordance with the decree. Shortly thereafter she executed a trust deed to the appellee the Home Bank and Trust Company to secure a loan thereon, and later executed a warranty deed to the premises to Annie Meyer. There were several subsequent transfers of the property, and on March 3, 1923, the property was transferred to the appellees Joseph and Anna Czervonko. No appeal was perfected by the appellant from the decree entered against him for specific performance. On the 25th day of September, 1922, he sued out of this court a writ of error to reverse that decree. On December 19, 1922, this court reversed the decree and remanded the cause, with directions to dismiss the bill. (*Harris* v. *Eich,* 306 Ill. 303.) On April 23, 1923, the application for registration of the land title involved in this proceeding was filed by the appellant. It made all the appellees parties.

It is contended that the decree in *Harris* v. *Eich, supra,* was not a final decree and that the issues were not entirely disposed of; that Annie Meyer, who purchased the property from Eva Harris, was charged with notice *lis pendens,* and the appellees, who took title in direct chain from her,

were likewise so charged. The basis for the contention that the decree was not final but conditional is, that it provided that the defendant should, within five days from the entry of the decree, furnish an abstract of title, and that the decree was therefore not a final decree affecting the title to the real estate. That decree directed that the defendant, within five days from the entry thereof, order, and within a reasonable time thereafter furnish at his cost, either an abstract, certificate of Torrens title or guaranty policy, as provided in the contract, and if upon examination the title to the premises be found merchantable and in fee in him and acceptable to the complainant, the defendant was required to execute, acknowledge and deliver to the complainant a proper and sufficient warranty deed to the premises in fee simple, upon written notice from the complainant to do so. The deed was to be approved by the master in chancery in case the parties differed as to its form, and upon the delivery of the deed the complainant was required to pay to the defendant the money provided in the contract, less the rents collected, water taxes, interest, costs of suit, and the cost of the abstract, certificate of title or guaranty policy if the same should be paid for by the complainant. It was also decreed that in case of the failure of the defendant to furnish such abstract, certificate of title or guaranty policy as provided in the contract, within the time specified, or notify the complainant in writing of his intention of so doing, the complainant was authorized to order the same, and in case of failure or refusal of the defendant to execute, acknowledge and deliver the warranty deed as in the contract provided, the master in chancery was directed to execute the deed upon payment to him of the cash balance found due the defendant after deducting therefrom and giving the complainant full credit and allowance for the rents already collected by the defendant or to be subsequently collected, less the water taxes and interest shown to have been paid by the defendant in accordance

with the contract and the decree, and that the complainant be immediately let into possession of the premises. The decree entered judgment for costs against the defendant and reserved further questions and directions until the master should have made a report of his actions and the actions of the parties under the decree.

A final decree is one which fully decides and finally disposes of the merits of the case though incidental matters may be reserved for consideration. A decree is final though as an incident to the relief granted it directs a reference to a master to state an account where an account is to be settled between the parties, and the rules and principles on which the account is to be made are fixed by the decree. (*Gray* v. *Ames,* 220 Ill. 251; *Allison* v. *Drake,* 145 id. 500; *Hunter* v. *Hunter,* 100 id. 519; *Myers* v. *Manny,* 63 id. 211.) The alternative provision in the decree for execution of the deed by the master in chancery in case of failure of the defendant to comply with the decree for specific performance does not render the decree interlocutory. (*Neidhardt* v. *Frank,* 325 Ill. 596; *Johnson* v. *Northern Trust Co.* 265 id. 263.) Cases cited by counsel for the appellant recognize this rule. The fact that the decree retained jurisdiction of the cause did not render it interlocutory. It finally disposed of the right of Eva Harris to have specific performance of the contract. A deed was executed in accordance therewith by the master in chancery and possession surrendered by Eich. The decree was final. It follows, therefore, that the appellant's contention that the transfers made to Annie Meyer and by her through *mesne* conveyances to the appellees were made *pendente lite* cannot be sustained. By the entry of the final decree, which was not appealed from, the case was closed. There was nothing pending. *Lis pendens* ends with the entry of a final decree under such circumstances. (*Chicago and Northwestern Railway Co.* v. *Garrett,* 239 Ill. 297; *Hammond* v. *People,* 178 id. 503; *Lambert* v. *Livingston,* 131 id. 161; *Hannas*

v. *Hannas,* 110 id. 53; *Wadhams* v. *Gay,* 73 id. 415; Bennett on Lis Pendens, 124.) The writ of error afterwards sued out of this court to review the decree of the circuit court was a new suit. *Thompson* v. *Davis,* 297 Ill. 11; *Hopkins* v. *Patton,* 257 id. 346.

It is also urged that the decree delegated judicial power to the master in chancery which cannot under the law be given him, and his act deeding away the appellant's land lacked due process and violated the due process clauses of the State and Federal constitutions. Direction to a master in chancery to make a conveyance in case of non-action of the party held by the decree to convey, (*Neidhardt* v. *Frank, supra; Poole* v. *Koons,* 252 Ill. 49; *Wolf* v. *Lawrence,* 276 id. 11; *McFall* v. *Kirkpatrick,* 236 id. 281;) or that he compute the amount due or determine other matters of fact, (*Neidhardt* v. *Frank, supra; Grubb* v. *Crane,* 4 Scam. 153;) is not a delegation of judicial power. Whether the decree did or did not delegate judicial powers to the master in chancery or was in other respects erroneous is not material here. It disposed of the rights of the parties and was a final decree. When that decree was before this court it was necessary to consider only enough of the errors assigned to show that the complainant in the bill had no right to a decree for specific performance.

It is also urged that the decree was not a decree affecting the title to real estate because it required the defendant to produce an abstract. The decree was for specific performance and clearly affected the title to real estate. *Harris* v. *Eich, supra.*

What, then, was the effect of the transfers made by Eva Harris subsequent to the decree? It is not denied that Annie Meyer, who purchased the premises in question from Eva Harris, was a *bona fide* purchaser relying on that decree. The rule is thoroughly established in this State that one purchasing property following a final decree affecting its title and in reliance on that decree will be protected even

though the decree be subsequently reversed on writ of error, where the court had jurisdiction of the subject matter and the parties. (*Finlen* v. *Skelly*, 310 Ill. 170; *Hopkins* v. *Patton, supra; Chicago and Northwestern Railway Co.* v. *Garrett, supra; Wadhams* v. *Gay, supra.*) The proceeding to register title in this case is collateral to the decree for specific performance herein referred to. (*Kuzak* v. *Anderson*, 267 Ill. 609.) The circuit court having jurisdiction of the specific performance proceeding, its action, even though erroneous, must be regarded valid and binding in a collateral proceeding. *Miller* v. *Rowan*, 251 Ill. 344; *O'Brien* v. *People*, 216 id. 354; *People* v. *Seelye*, 146 id. 189; *Harris* v. *Lester*, 80 id. 307; 1 Freeman on Judgments, (5th ed.) 744; 2 Cooley's Const. Lim. (8th ed.) 861.

It is also urged that the Czervonkos had notice prior to their purchase that a writ of error had been sued out to reverse the decree for specific performance, and that they cannot be said to be innocent purchasers for value. They were grantees under a chain of title from Annie Meyer, who had good title. They took such title as she had, and the fact that they may have known that the appellant had sued out a writ of error attacking the decree for specific performance in nowise affects their title. The writ of error was not a part of the same proceeding. A purchaser with notice of prior existing equities who takes title from one who, notwithstanding such equities, has a good title will also procure a good title. *Peck* v. *Arehart*, 95 Ill. 113; 23 Am. & Eng. Ency. of Law, (2d ed.) 477.

Appellant argues that a decree for specific performance is an exception to the general rule that a purchaser who buys in good faith relying upon a decree will be protected regardless of whether the decree is later reversed on writ of error, and he cites *Gilman* v. *Hamilton*, 16 Ill. 225, where it is said that where a bill is filed for specific performance of a contract to convey land, a decree for that purpose not

being a judicial sale but rather a specific execution of a former sale, anyone purchasing from either party is chargeable with notice of all that is involved in the suit as a *lis pendens* and its ultimate effect and consequence upon the property and the rights and powers of the parties. The language of that decision correctly states the rule where an appeal has been taken or a *supersedeas* issued before the purchaser buys the property, but such is not the rule where there is no appeal from the decree and a writ of error has been sued out, as in the latter case there is nothing pending in the specific performance case and the rule as to *lis pendens* does not apply. (*Smith* v. *Herdlicka,* 323 Ill. 585; *Ure* v. *Ure,* 223 id. 454; *Hopkins* v. *Patton, supra; Hammond* v. *People, supra; Mulvey* v. *Gibbons,* 87 Ill. 367; *Wadhams* v. *Gay, supra; Guiteau* v. *Wisely,* 47 Ill. 433; *Horner* v. *Zimmerman,* 45 id. 14; *Eldridge* v. *Walker,* 80 id. 270; *Kuzak* v. *Anderson, supra.*) *Gilman* v. *Hamilton, supra,* cannot be considered authority for the appellant on this point.

The chancellor did not err in denying registration of the appellant's application. If this court were to hold that the appellant has the right to register title as against the appellees, it would, in effect, constitute a holding that no decree could become final during the period allowed by law for suing out a writ of error, and that one who procured a decree for specific performance for the sale of property could receive no benefit of his decree for a period of two years even though no appeal were taken. Such a holding would be contrary to all judicial determination with which we are familiar.

The decree will be affirmed.  *Decree affirmed.*